**Robin AUBERZINSKI, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, BOARD OF PROBATION AND PAROLE and the Pennsylvania Department of Corrections, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 18, 1996.

Decided Feb. 26, 1997.

---

Leonard E. Sweeney, Pittsburgh, for petitioner.

Arthur R. Thomas, Assistant Chief Counsel, Harrisburg, for respondent, Probation and Parole.

Clifford D. Swift, Assistant Counsel, Harrisburg, for respondent, Dept. of Corrections.

Before FRIEDMAN and KELLEY, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

Robin Auberzinski has filed a petition for review in the nature of mandamus in this court's original jurisdiction, requesting that this court direct the Pennsylvania Board of Probation and Parole (board) and the Pennsylvania Department of Corrections (department) to release him on parole.[1] The board and the department have each filed preliminary objections, including preliminary objections in the nature of a demurrer.[2]

Auberzinski's mandamus petition makes the following allegations. Auberzinski began serving a ten-to-twenty year sentence for third degree homicide in 1986. During his period of incarceration, Auberzinski has completed many institutional programs and received various certificates of achievement.[3]

From 1993 to 1995, Auberzinski applied for, and the department approved, sixteen temporary home furloughs lasting between five and seven days each. In every case, Auberzinski served his furlough without incident and returned to the state institution on time.[4] On May 15, 1995, the department granted Auberzinski a seventeenth temporary home furlough. Then, without notice or provocation, the department revoked it out of "caution" due to the "political climate" and "community sentiment." Mandamus petition, paras. 79–80. On August 7, 1995, the board denied Auberzinski's application for parole.

Auberzinski claims that the department's revocation of his temporary home furlough and the board's denial of his application for parole were arbitrary and capricious and violated his constitutional rights to due process and equal protection. Auberzinski contends that, because the department and the board have a duty to act in conformity with the law and because he meets all the criteria for parole, this court should direct the department and the board to release him on parole.

Because both the department and the board filed preliminary objections in the nature of a demurrer, we will first address whether Auberzinski's mandamus petition states a cause of action against either the

---

1. This opinion was assigned to the author on January 2, 1997.

2. The Board's objections are: (1) failure to state a cause of action because a parole refusal is not reviewable; (2) failure to state a cause of action because the board has no duty to parole Auberzinski; and (3) lack of jurisdiction to the extent that the petition includes an application for a writ of habeas corpus.

   The department's objections are: (1) failure to serve the Attorney General; (2) failure to attach a copy of a writing as required by Pa.R.C.P. No. 1019(h); and (3) failure to state a cause of action. By order of this court, dated February 22, 1996, the preliminary objection pertaining to service was overruled.

   With respect to the department objection that Auberzinski did not comply with Pa.R.C.P. No. 1019(h) in paragraph 79 of the mandamus petition because he failed to attach a memo referred to in the paragraph, we point out that paragraph 79 does not refer to a memo. Thus, the depart-

ment's preliminary objection to paragraph 79 is overruled.

3. Auberzinski voluntarily enrolled in, conscientiously participated in and satisfactorily completed: career planning programs, a course in ethics, a seminar on stress and anxiety, advanced stress programs, drug and alcohol education programs, intensive group therapy (drug and alcohol) programs, drug and alcohol individual therapy programs, relapse prevention programs, an Impulse Control: Stress–Anger Management Group program, a Social Readjustment Group program, a 12 Steps/12 Traditions Group program, and the Clean and Sober Group program.

4. During the temporary home furloughs, Auberzinski regularly attended AA and DA meetings, regularly took responsible and legal actions to safeguard and secure the financial well-being of his family and, during his most recent temporary home furlough, investigated possible employment opportunities to be considered and secured upon his parole.

board or the department.[5]

## I. Board's Demurrer

■ Auberzinski alleges that the board's reasons for denying him parole were arbitrary and capricious and violated his constitutional rights. Mandamus petition, paras. 83, 85. The only provision of the mandamus petition which addresses the board's reasons for denying parole states:

> 85. That by citing the "political climate," "community sentiment," and unexplained and unfounded "opinion" as the basis for the *Respondents'* adverse and unconstitutional decisions, the *Respondents* failed to exercise true discretion, acted arbitrarily and capriciously, and violated the Petitioner's constitutional rights.

Mandamus petition, para. 85 (emphasis added). However, although Auberzinski alleges that the *department* revoked his temporary home furlough because of the "political climate" and "community sentiment," (mandamus petition, para. 79) Auberzinski does not specifically allege that the *board* denied him parole for those same reasons.[6]

In fact, nowhere in the mandamus petition does Auberzinski make reference to the reasons provided in the board's decision denying him parole. Pursuant to section 22 of the Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.22, "whenever an application for parole is refused by the board, a brief statement of the reasons for the board's action shall be filed of record." However, Auberzinski fails to allege that, in its decision, the board listed "political climate" and "community sentiment" as reasons for denying parole.

Indeed, it appears that Auberzinski has confused the powers and duties of the department and the board. In his brief in opposition to respondents' preliminary objections, Auberzinski summarizes the allegations in his mandamus petition and includes the following statement:

> D. the *Board revoked Petitioner's prerelease furlough* and denied his parole out of fear of adverse public reaction and legislative reprisals.

Auberzinski's brief in opposition at 22 (emphasis added). Later in the same brief, Auberzinski makes this statement:

> *Corrections officials indeed based their decision to deny parole* to Petitioner citing the "changing [political] climate" and community sentiment.

Auberzinski's brief in opposition at 38 (emphasis added).[7]

■ We note that the board has no authority to revoke a temporary home furlough, and the department has no authority to deny parole. *See* 61 P.S. § 331.22 and 37 Pa.Code §§ 94.1–94.7. Thus, to the extent that Auberzinski's petition alleges that the board revoked his temporary home furlough, it fails to state a cause of action against the board. Moreover, to the extent that the petition alleges that the board's reasons for denying him parole were the same as the department's reasons for revoking his furlough, the petition fails to state a cause of action against the Board.[8]

Because Auberzinski's mandamus petition fails to allege sufficient facts to state a cause of action against the board, we sustain the

5. In addressing a preliminary objection in the nature of a demurrer, this court must determine whether, on the facts alleged, the law states with certainty that no recovery is possible. We must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deducible therefrom, and any doubt should be resolved in favor of overruling the demurrer. *Hawks by Hawks v. Livermore,* 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993).

6. A pleading should be sufficiently specific so as to enable the opposing party to prepare its response. 2 Goodrich–Amram 2d § 1019:4. Here, the petition does not inform the board of *any* fact which would enable it to prepare a response.

7. Other examples of Auberzinski's confusion over the responsibilities of the department and the board can be found in his brief in opposition at pp. 40–41 and 43.

8. This deficiency in Auberzinski's mandamus petition is also apparent in his request for relief. Auberzinski's petition does not seek a remedy for the department's revocation of his seventeenth temporary home furlough; rather, Auberzinski seeks only to be released on parole. Somehow, Auberzinski sees the revocation of his furlough and the denial of parole as the same decision.

board's preliminary objection in the nature of a demurrer.[9]

## II. Department's Demurrer

■ The Department argues that Auberzinski's mandamus petition fails to state a cause of action because Auberzinski does not have a clear legal right to participate in the temporary home furlough program and because the department does not have a duty to grant Auberzinski's seventeenth temporary home furlough.

Initially, we note that the department's preliminary objection misstates the facts as alleged in the mandamus petition. The department avers that Auberzinski's application for a seventeenth temporary home furlough was *denied.* Department's preliminary objections, para. 17. However, the basis for Auberzinski's claim here is that the department *approved* his seventeenth temporary home furlough and then arbitrarily *revoked* it. Mandamus petition, para. 79.

The department's regulations state that:

After transfer into a prerelease program, the inmate may continue to participate in the program only while adequate resources are available to provide care, custody and control for the inmate within the program to which he has been admitted. The inmate's privilege to participate in prerelease programs may be suspended or revoked for administrative or disciplinary reasons. The Department of Corrections will establish procedures to govern the revocation of prerelease privileges.

37 Pa.Code § 94.3(a)(10).

■ As stated in the regulations, the department may suspend or revoke an inmate's privilege to participate in a pre-release program for administrative or disciplinary reasons. We point out that this court has previously held that participation in a pre-release program is a special privilege granted for satisfactory behavior in prison. *Lawson v. Department of Corrections,* 114 Pa.Cmwlth.

573, 539 A.2d 69 (1988), *citing Robson v. Biester,* 53 Pa.Cmwlth. 587, 420 A.2d 9 (1980). Accordingly, participation in a prerelease program is not a right.

Here, Auberzinski alleges that the department revoked his seventeenth temporary home furlough because of the political climate and community sentiment. Because we must accept this allegation as true, it is apparent that the department did not revoke the furlough for disciplinary reasons. However, we find this court's decision in *Lawson* instructive in resolving whether the department's demurrer herein should be sustained.

In *Lawson,* the inmate argued before this court that his prerelease status was revoked without due process of law in that he was not permitted to confront or cross-examine witness with respect to a prison disciplinary proceeding. We held that one has no constitutional right to either participate in a prerelease program, or to the confrontation and cross-examination of witnesses in prison disciplinary proceedings. *Lawson,* 539 A.2d at 72.

■ While the facts in *Lawson* reveal that the inmate's participation in a pre-release program was revoked as a result of misconduct, this court clearly held that one has no constitutional right to participate in a prerelease program. This holding is not restricted to whether such participation has been revoked due to administrative or disciplinary proceedings. Furthermore, this holding is not restricted to when participation has been merely requested and denied. Therefore, the fact that a temporary home furlough is approved and then revoked does not convert participation in a pre-release program from a privilege to a right. Accordingly, we conclude that the facts as alleged herein by Auberzinski, that his temporary home furlough was approved and then arbitrarily revoked, do not alter the well settled proposition that one has no constitutional right to participate in a pre-release program.[10]

---

9. Because the mandamus petition fails to state a cause of action against the board, we need not address the board's other preliminary objection, *i.e.,* whether the petition is actually an application for writ of habeas corpus.

10. While it may be less than clear whether the political climate and community sentiment constitute valid administrative reasons for revoking a temporary home furlough, it still stands that

Accordingly, we sustain the department's preliminary objection in the nature of a demurrer.

### ORDER

NOW, this 26th day of February, 1997, we sustain the preliminary objection in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole; overrule the preliminary objection filed by the Pennsylvania Department of Corrections with respect to petitioner's failure to attach a copy of a writing as required by Pa.R.C.P. No. 1019(h); and sustain the preliminary objection in the nature of a demurrer filed by the Pennsylvania Department of Corrections.

FRIEDMAN, Judge, concurring and dissenting.

I agree with the majority that Robin Auberzinski's mandamus petition fails to state a cause of action against the Pennsylvania Board of Probation and Parole (Board); therefore, I concur in that portion of the majority's decision which sustains the Board's preliminary objection in the nature of a demurrer. However, I would overrule the demurrer filed by the Pennsylvania Department of Corrections (Department); therefore, I respectfully dissent to the majority's disposition of that issue.

The majority holds that, under *Lawson v. Department of Corrections,* 114 Pa.Cmwlth. 573, 539 A.2d 69 (1988), an inmate has no constitutional right to participate in a pre-release program; thus, the Department may arbitrarily revoke an inmate's pre-release privileges at any time. (Majority op. at 779.) Because I believe that Auberzinski's right to his seventeenth temporary home furlough arises from the Department's regulations, which are not in conflict with the state or federal constitutions or any statute, I cannot agree with this holding.[1]

First, the majority's reliance upon *Lawson* is misplaced. In *Lawson,* the Department revoked Lawson's pre-release status pursuant to a disciplinary hearing, which was entirely proper under the Department's regulations.[2] However, Lawson alleged that the Department's procedure at the hearing violated his constitutional right to confront and cross-examine his accusers. To resolve the matter, we relied on *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), where the U.S. Supreme Court stated that, in a disciplinary hearing, inmates do not have the right to confront and cross-examine their accusers. Thus, we held that, because Lawson's petition did not set forth facts to indicate a constitutional violation at his disciplinary hearing, it failed to state a cause of action.

Unlike Lawson, Auberzinski was never charged with misconduct and was never subjected to disciplinary proceedings. Indeed, Auberzinski does *not* allege a constitutional violation arising from a disciplinary hearing.[3] Rather, Auberzinski alleges that the Department revoked his furlough because of the political climate and community sentiment.

---

one does not have a constitutional right to participate in a prerelease program.

**1.** The majority's analysis proceeds as follows:

While the facts in *Lawson* reveal that the inmate's participation in a pre-release program was revoked as a result of misconduct, this court clearly held that one has no *constitutional right* to participate in a prerelease program. This holding is not restricted to whether such participation has been revoked due to administrative or disciplinary proceedings. Furthermore, this holding is not restricted to when participation has been merely requested and denied. Therefore, the fact that a temporary home furlough is approved and then revoked does not convert participation in a prerelease program from a privilege to a right. (Majority op. at 779.) (Emphasis added.) I agree that an inmate has no constitutional right

to participate in a pre-release program; however, rights may also be conferred by statute or regulation. Here, the Department has promulgated regulations to govern the revocation of pre-release status. The fact that applicable *constitutional* law does not provide protection against the revocation of pre-release status is irrelevant.

**2.** The Department's regulations provide:

The inmate's privilege to participate in prerelease programs may be ... revoked for ... disciplinary reasons.
37 Pa.Code § 94.3(a)(10).

**3.** If the Department had revoked Auberzinski's furlough as a disciplinary measure for misconduct, then the revocation would have been in compliance with the law, as in *Lawson.*

In *Lawson,* this court *never* addressed whether the Department could revoke an inmate's prerelease status because of politics or any other non-disciplinary reason. Moreover, *Lawson* did not address whether the Department could revoke pre-release privileges in violation of its own regulations. Thus, I fail to see how *Lawson* controls the outcome of this case.

Unlike the majority, I believe that the outcome here should rest, not on any constitutional consideration, but on the Department's own regulations.[4] The Department's regulations state that an inmate's privilege to participate in pre-release programs *may be revoked for administrative or disciplinary reasons.* 37 Pa.Code § 94.3(a)(10). Thus, absent some valid administrative or disciplinary reason, once the Department approves an inmate's participation in a pre-release program, the inmate has a clear legal right to pre-release status, and the Department has a corresponding duty *not* to revoke that status.

However, the majority today decides that 37 Pa.Code § 94.3(a)(10) has no meaning or purpose. Indeed, the majority has rewritten the law to state that, because an inmate does not have a constitutional right to pre-release status, the Department may arbitrarily revoke such privileges at any time. Unlike the majority, I accept the validity of the Department's regulations and apply them here.

First, as the majority notes, Auberzinski alleges here that the Department revoked his seventeenth temporary home furlough because of the political climate and community sentiment. Because we must accept this allegation as true, it is apparent that the Department did not revoke the furlough for disciplinary reasons. (Majority op. at 779.) Nor is it clear that political climate and community sentiment constitute valid administrative reasons for revoking a temporary home furlough. Because a court may not sustain a preliminary objection in the nature of a demurrer unless the law states *with certainty* that no recovery is possible, I

would resolve any doubt in favor of overruling the demurrer.

---

4. The Act of July 16, 1968(Act), P.L. 351, *as amended,* 61 P.S. §§ 1051–54, authorizes the Department to establish pre-release programs for prison inmates. Section 3 of the Act states that the Department shall promulgate rules and regulations for the granting and administering of release plans and shall determine those inmates who may participate in a plan. Moreover, "[i]f any inmate violates the rules or regulations prescribed by the [Department], his release privileges may be withdrawn." 61 P.S. § 1053.