Calvin LOGAN, Commer Glass, Charles S. Gindle, Alfred Roach, Petitioners,

v.

Commissioner Martin HORN and Superintendent Donald T. Vaughn, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 21, 1997.

Decided April 21, 1997.

Calvin Logan, petitioner, for himself.

---

Jill C. Fluck, Assistant Counsel, Harrisburg, for respondents.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Calvin Logan, Commer Glass, Charles S. Gindle, and Alfred Roach (Petitioners) bring their petition for review in the nature of mandamus in our original jurisdiction. Petitioners are inmates of the State Correctional Institution (SCI) at Graterford who have been sentenced to life imprisonment. The Commissioner of the Department of Corrections (Department), Martin Horn, and the Superintendent of SCI–Graterford, Donald T. Vaughn (Respondents), have filed preliminary objections to this petition for review.

In their petition for review, Petitioners allege that they had each sought and been approved for "Outside Clearance Status" and were working in this status when they were handcuffed and returned to Graterford by corrections officers operating under Respondents' direction. Petitioners allege that the corrections officers informed them they had not violated any policies, rules or directives; nonetheless, they were told that their work privileges were suspended and/or revoked because of the nature of their crimes. According to Petitioners, Respondents sought selectively to punish some inmates sentenced to life imprisonment and some sex offenders due to the public outcry over the events surrounding the release of Robert "Mudman" Simon, who they contend was paroled against the advice of the court, and who subsequently murdered a New Jersey police officer. Petitioners allege that they have a protected liberty interest in their prerelease status[1] and that Respondents acted to deprive them of this status in violation of their constitutional rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution[2] and Article 1 of the Pennsylvania Constitution.[3]

Respondents filed preliminary objections in the nature of a demurrer, contending that Petitioners have asserted no violation of a protected liberty interest and, therefore, have failed to state a cause of action on which relief could be granted. Respondents further contend that, since Petitioners do not have a clear legal right to remain on Outside Clearance Status, a grant of mandamus is not appropriate. We said in *Reider v. Bureau of Correction*, 93 Pa.Cmwlth. 326, 502 A.2d 272, 273 (1985) (citations omitted):

Preliminary objections in the nature of a demurrer are deemed to admit all well-pleaded facts and inferences reasonably deduced therefrom but not conclusions or averments of law.... Additionally, the allegations of a pro se complaint, such as

---

1. As a point of clarification, however, 37 Pa.Code § 94.2 lists as prerelease programs only the following: work release; educational/vocational training release; temporary home furlough; community service center residency, group home residency, and community services furlough program. 37 Pa.Code § 94.3(a)(10) provides in part that "[t]he inmate's privilege to participate in prerelease programs may be suspended or revoked for administrative or disciplinary reasons." Initially, we note, as do Respondents, that, although Petitioners classify their "Outside Clearance Status" as a prerelease program, 37 Pa.Code § 94.3(a)(1) and DC–ADM 805 (Policy and Procedures for Obtaining Pre-release transfer) provide that inmates sentenced to death or life in prison are not eligible for participation in prerelease programs. Further, Section 2(a) of the Act of July 16, 1968, P.L. 351, *as amended*, 61 P.S. § 1052(a) specifically excludes those persons sentenced to death or life in prison from its dictates. Section 2(a) of the Act provides:

The Commissioner of Correction may transfer any person incarcerated in any pre-release center or in any pre-release center located in any State or Regional Penal or Correctional Institution under the supervision of the Bureau of Correction who has not been sentenced to death or life imprisonment, to any pre-release center under the supervision of the Department of Justice.

61 P.S. § 1052(a).

In their preliminary objections, Respondents state that Petitioners are confusing the "privilege" of working outside the prison with prerelease programs. (Preliminary Objections, para. 13). Given our recent holding in *Auberzinski v. Board of Probation and Parole*, 690 A.2d 776 (Pa.Cmwlth.1997), the result would be the same even were we to agree with Petitioners that they participated in a prerelease program, as opposed to an outside clearance program, and we do not.

2. U.S. CONST. Amends. V (Double Jeopardy), VIII (Cruel and Unusual Punishment), and XIV (Due Process).

3. PA. CONST. art. 1.

we have here, are held to a less stringent standard than that applied to the formal pleadings drafted by attorneys.... If a fair reading of the petition leads to the conclusion that Petitioner[s] ha[ve] pleaded facts which may entitle [them] to relief, the preliminary objections will not be sustained....

██ Further, we said in *Wilder v. Department of Corrections,* 673 A.2d 30, 31–32 (Pa. Cmwlth.1996), *appeal denied, mot. denied,* 545 Pa. 673, 681 A.2d 1344 (1996):

Mandamus is an extraordinary remedy through which a court of competent jurisdiction compels a public official, board or municipality to perform a mandatory duty or ministerial act where 1) the petitioner has a legal right to enforce the performance of that act, 2) the defendant has a corresponding duty to perform the act, and 3) there is no other adequate or appropriate remedy.

As we also explained in *Martin v. Jeffes,* 93 Pa.Cmwlth. 82, 501 A.2d 308, 310 (1985): "Matters of prison management are uniquely the province of the executive and legislative branches of the government. Our inquiry into such matters must therefore be limited to the question of whether or not a constitutional violation has occurred."

██ Although the parties have not here clarified the prerequisites for earning Outside Clearance Status, according to Petitioners' petition for review, Petitioner Glass had been working outside the prison for fourteen months when this status was arbitrarily revoked; Petitioner Logan had been working outside nine years prior to the revocation; Petitioner Gindle had been working outside for twenty-two years when his Outside Clearance Status was arbitrarily revoked; and Petitioner Roach had been working in this status three years when it was revoked. (Petition for Review, paras. 109–112). Further, Petitioners Gindle and Logan had been staffed and approved to live in the Outside Service Unit Modular. (Petition for Review, para. 76).

The specific question we must now consider is whether the decision to suspend and/or revoke Petitioners' Outside Clearance Status has deprived them of any constitutional right. "In order to determine whether a constitutional violation has occurred, a determination must initially be made that a protected liberty interest exists and, if so, what process is due." *Wilder,* 673 A.2d at 32. This Court has already explained in *Wilder* that "the Due Process Clause does not create a liberty interest in a prisoner's participation in a *pre-release* program[,]" *id.* (emphasis added), and that "[t]here is also no state-created liberty interest in the *pre-release* status that is protected by the Due Process Clause because the revocation is not the type of deprivation of the freedom from restraint required by the Court in *Sandin [v. Conner,* —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) ]." *Wilder,* 673 A.2d at 32–33. (Emphasis added).[4]

Moreover, this Court very recently held in *Auberzinski v. Board of Probation and Parole,* 690 A.2d 776, 778–79 (Pa.Cmwlth.1997), relying on *Lawson v. Department of Corrections,* 114 Pa.Cmwlth. 573, 539 A.2d 69 (1988), that "participation in a *pre-release* program is not a right." (Emphasis added). In *Auberzinski,* we announced that our holding in *Lawson* that there is no constitutional right to participate in a prerelease program "is not restricted to whether such participation has been revoked due to administrative or disciplinary proceedings. Furthermore, this holding is not restricted to when participation has been merely requested and denied." *Auberzinski,* 690 A.2d at 779.

By analogy, then, we hold, as Respondents urge, that Petitioners have no protected liberty interest in their Outside Clearance Status. Certainly, suspension and/or revocation of this status has not restrained Petitioners' freedom in a way which "imposes atypical and significant hardship on" them "in rela-

---

**4.** In *Sandin,* the United States Supreme Court explained that any state-created liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protec-

tion by the Due Process Clause of its own force ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.,* —— U.S. at ——, 115 S.Ct. at 2300. (Citations omitted).

tion to the ordinary incidents of prison life." *Sandin; see also Wilder.* While we may sympathize with Petitioners' position, given their apparently excellent prison records, and taking their assertions that they were not charged with misconduct as true (petition for review, para. 80), we are bound by the prevailing case law. Having no protected liberty interest, Petitioners have not stated a cause of action on which relief can be granted, and, having no clear legal right to their Outside Clearance Status, mandamus will not lie. Respondents' preliminary objections in the nature of a demurrer are therefore granted.

### ORDER

AND NOW, this 21st day of April, 1997, upon consideration of the Petition for Review filed by Calvin Logan, Commer Glass, Charles S. Gindle and Alfred Roach, and the Preliminary Objections filed by Commissioner Martin Horn and Superintendent Donald T. Vaughn, the Preliminary Objections are sustained and the Petition for Review is dismissed with prejudice.