**James GALLMAN, Appellant**

v.

**James MARTIN, Unit Mgr., Commonwealth of Pennsylvania, Department of Corrections S.R.C.F.-Mercer, 801 Butler Pike, in his Personal and Individual Capacity & George Mesaros, Counselor, Commonwealth of Pennsylvania, Department of Corrections S.R.C.F.-Mercer 801 Butler Pike Mercer, Pennsylvania, in his Personal and Individual Capacity.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 21, 2005.

Decided Dec. 21, 2005.

James Gallman, appellant, pro se.

Debra Sue Rand, Asst. Counsel and Michael A. Farnan, Chief Counsel, Camp Hill, for respondent.

BEFORE: SMITH–RIBNER, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

James Gallman (Gallman) appeals, *pro se*, from a decision of the Court of Common Pleas of Mercer County (trial court) which dismissed Gallman's complaint for lack of proper service pursuant to Pa. R.C.P. No. 422 and *Fischer v. Kassab*, 21 Pa. D. & C.3d. 278 (1981).[1] The trial court

---

1. Pa.R.C.P. No. 422 provides in pertinent part as follows:

    The Commonwealth and Political Subdivisions
    (a) Service of original process upon the Commonwealth or an officer of the Commonwealth, or a department, board, commission or instrumentality of the Commonwealth, or a member thereof, shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof.

    . . .

    (c) This rule shall not apply to an appeal from an administrative determination, order or decree of such officer, department, board, commission or instrumentality.

    In *Fischer*, the trial court granted the defendant's preliminary objections due to Pa.R.C.P. No. 2104(b), as defendant was not served by

further found that if the trial court did have personal jurisdiction it still lacked subject matter jurisdiction pursuant to *Logan v. Horn*, 692 A.2d 1157 (Pa.Cmwlth. 1997).[2] We affirm the decision of the trial court.

The present controversy began with a complaint filed by Gallman in our Court. Gallman named as respondents James Martin (Martin), Unit Manager of the Commonwealth of Pennsylvania, Department of Corrections (Department), State Regional Correctional Facility at Mercer (SRCF–Mercer) and George Mesaros (Mesaros), Counselor of the Department SRCF–Mercer (Collectively, Appellees). Gallman contended that Appellees were assigned to the SRCF–Mercer and acted outside the scope of their employment in discriminating against him by denying him due process and refusing to reclassify him from a Level 2 to a Level 2R.[3] Gallman alleged that he was denied Level 2R status because he continued to assert that he was innocent of his underlying conviction of third degree murder. Gallman contended that the denial was arbitrary, malicious, retaliatory and discriminatory. Gallman sought declaratory and injunctive relief and money damages. Our Court, *sua sponte*, transferred the matter to the trial court concluding that we lacked original jurisdiction, as Gallman had not named the Commonwealth government or any officers thereof as respondents.

Thereafter, Appellees, through the Department, filed preliminary objections with the trial court asserting improper service and failure to state a cause of action.[4] The trial court sustained the preliminary objections finding that Gallman's service was improper and also concluding, in the alternative, that the trial court lacked subject matter jurisdiction. Gallman appealed to the Superior Court which, *sua sponte*, transferred the appeal to our Court.[5]

Gallman contends that this matter should be remanded to the trial court for reinstatement of this action with instructions for it to be treated as a civil complaint and reviewed under the mandates set forth in *Winsett v. McGinnes*, 617 F.2d 996 (3rd Cir.1980), *cert. denied, sub nom., Anderson v. Winsett*, 449 U.S. 1093, 101 S.Ct. 891, 66 L.Ed.2d 822 (1981), and that the trial court review Gallman's claim of flagrant violations of Pa.R.C.P. No. 1024(c)[6].

---

the sheriff. The trial court further found that service by certified mail did not constitute "in hand" service. *Id.*

2.  In *Logan*, our Court sustained Horn's preliminary objections and found that petitioners did not state a cause of action on which relief could be granted as there is "no clear legal right to their Outside Clearance Status...." *Id.* 692 A.2d at 1160. Our Court based this decision upon our finding in *Auberzinski v. Board of Probation and Parole*, 690 A.2d 776 (Pa.Cmwlth.1997), that "participation in a pre-release program is not a right." *Auberzinski*, 690 A.2d at 779.

3.  Classification at Level 2R is a prerequisite for pre-release consideration.

4.  We note that Gallman did properly serve Appellees initially when the matter was filed in our Court's original jurisdiction. However, once we transferred the matter to the trial court, as we lacked original jurisdiction, Gallman had a renewed responsibility to properly serve Appellees pursuant to the procedural rules at the trial court level.

5.  Our review where a trial court sustains preliminary objections and dismisses a complaint is limited to determining whether the trial court committed an error of law or abused its discretion. *Smith & McMaster, P.C. v. Newtown Borough*, 149 Pa.Cmwlth. 356, 613 A.2d 129 (1992).

6.  Pa.R.C.P. No. 1024(c) provides in pertinent part as follows:

> The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowl-

■ Initially we must address the trial court's finding of improper service. Appellees contend that they were not served by the sheriff in accordance with Pa.R.C.P. No. 400 and therefore, that Gallman's complaint should be dismissed. Appellees stated that Gallman's service by certified mail was improper and did not satisfy the procedural rules. Pa.R.C.P. No. 400(a) provides in pertinent part as follows:

(a) Except as provided in subdivisions (b) and (c) and in Rules 400.1 and 1930.4, original process shall be served within the Commonwealth only by the sheriff.

Rule 400(a) dictates that service be made by the sheriff in order to effectuate valid service. Rule 400(b) provides in pertinent part as follows:

(b) In addition to service by the sheriff, original process may be served also by a competent adult in the following actions:

. . .

(3) declaratory judgment when declaratory relief is the only relief sought.

"Competent adult" is defined in Pa.R.C.P. No. 76 as "an individual eighteen years of age or older who is neither a party to the action nor an employee or a relative of a party." Service by certified mail as effected in this case, fails to confer jurisdiction on the trial court. As proper service is required, the trial court did not err in dismissing Gallman's complaint.[7]

The trial court also found lack of personal jurisdiction over the Commonwealth due to lack of service of process or failure to join an indispensable party. Pa.R.C.P. No. 422 requires service of original process in a specific manner upon the Department if it is a party to the action. Gallman never served the Department. Gallman asserted in his reply to Appellees' preliminary objections that the action was not against the Department, but only against Appellees in their individual capacities. However, the trial court found that as Gallman requested relief in the form of a declaratory judgment or an injunction, that such relief could only be imposed upon the Department. The trial court dismissed Gallman's complaint based upon this finding and Gallman's failure to serve the Department.[8] Gallman did not raise this issue in his brief.

■ Gallman does contend that Appellees, in their preliminary objections to Gallman's complaint, failed to adhere to Pa.R.C.P. No. 1024(c). Gallman contends that Appellees failed to attach a verification to their preliminary objections. Appellees only need a verification for facts that do not appear in the record. The only fact which appears in the preliminary objections that is not in the record was in paragraph 14 and stated that "Inmate Gallman failed to file any grievances regarding the claims raised in his complaint." Appellees' Preliminary Objections, November 15, 2004, at 4. However, this allegation was supported by an unsworn affidavit which Appellees argue is a type of verification.

Pa.R.C.P. No. 76 defines "verified" as follows: "when used in reference to a written statement of fact by the signer, means supported by oath or affirmation or made subject to the penalties of 18 Pa.C.S.

edge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. . . .

7. We note that Gallman never requested leave to amend the defective service after the preliminary objections were filed.

8. We note that the trial court would not have subject matter jurisdiction over this matter if Gallman had named the Department in his complaint, as our Court would have original jurisdiction pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761.

§ 4904 relating to unsworn falsification to authorities." In the present controversy, Fred J. Ruffo, the affiant, indicated that his statements were made under penalty of perjury pursuant to 18 Pa.C.S. § 4904. Thus, the trial court was correct in accepting Appellees' preliminary objections, as the affidavit did amount to a verification in this case.

As the trial court did not err in finding improper service, we must affirm the decision of the trial court dismissing Gallman's complaint.[9]

### ORDER

AND NOW, December 21, 2005, the order of the Court of Common Pleas of Mercer County in the above-captioned matter is affirmed and the matter is dismissed for lack of proper service.

---

9. Accordingly, we need not address Gallman's    issues on the merits of the case.