J-A13030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ECI, LLC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAMPISI CONSTRUCTION, INC., | : | |
| AND ANTHONY G. CAMPISI | : | |
| | : | No. 2863 EDA 2019 |
| | : | |
| APPEAL OF: TS ENVIRONMENTAL | : | |
| CONTRACTORS, INC. | : | |

Appeal from the Order Entered August 26, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): No. 2011-12517

BEFORE: BENDER, P.J.E., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED: MAY 21, 2021**

TS Environmental Contractors, Inc. ("TSEC"), appeals from the order, entered in the Court of Common Pleas of Montgomery County, denying its "Motion to Strike and Vacate Declaratory Judgment for Lack of Subject Matter Jurisdiction." After our careful review, we reverse the order of the trial court and direct that the declaratory judgment be vacated.

The trial court summarized the factual and procedural history of this matter as follows:

> Plaintiff ECI, LLC (hereinafter "ECI") and non-party Alexander McConnell (hereinafter "McConnell") [(collectively "Petitioners")] filed a Third Amended Emergency Action for Declaratory Judgment on May 4, 2018[, . . .] as part of ongoing efforts to recover a judgment in favor of ECI and against Defendants Campisi

_____

[*] Retired Senior Judge assigned to the Superior Court.

Construction[,] Inc. and Anthony G. Campisi [(hereinafter "Campisi Defendants")] in the amount of $174,047.37. The first Emergency Action for Declaratory Judgment was served on TSEC's then-attorney[,] Adam Sager, Esquire.[1] The Third Amended Emergency Action for Declaratory Judgment was served on "Campisi Construction, Inc., et al." at . . . Anthony Campisi's personal address, TSEC's registered place of business, and Campisi Construction Inc.'s registered place of business. On May 11, 2018, Anthony Campisi filed an Answer to the Third Amended Emergency Action for Declaratory Judgment, in which he answered both on behalf of TSEC and himself individually.[2] In this Answer, Anthony Campisi did not object to this Court's jurisdiction or allege improper service, but instead made arguments on the merits of the case. Further, Anthony Campisi, on behalf of TSEC and himself, did not deny having possession, custody, or control of the equipment at issue in the Third Amended Declaratory Judgment Action.[3]

[1] Although Adam Sager, Esquire[,] had not formally filed an entry of appearance for TSEC, he had previously filed a property claim action and appeared as counsel for TSEC at the property claim hearing under this docket, making him counsel-of-record and the proper party to be served on behalf of TSEC.

[2] In this Answer, Anthony Campisi made the following statements suggesting that he was filing the Answer on behalf of TSEC as an authorized agent or representative: (1) "The defendant herein is Anthony G. Campisi and TS Environmental." (2) "Respondents, Anthony Campisi, and TS Environmental agree with ECI and Alex McConnel's [sic] demand for emergency hearing." (3) "As Your Honor can see by his petition every accusation he presented about myself or [TSEC] he had actually committed himself." In its Answer to the Motion of Alexander McConnell for Clarification, TSEC admits that Anthony Campisi filed the Answer to the Third Amended Declaratory Action on behalf of TSEC and himself.

[3] TSEC admits this fact in its Answer to the Motion of Alexander McConnell for Clarification.

On September 21, 2018, th[e trial] court held a hearing/oral argument on the Third Amended Emergency Action for Declaratory Judgment, attended by Anthony Campisi, on behalf of

himself and TSEC,[4] and by counsel for ECI and McConnell. After holding oral argument, th[e] court entered a Memorandum Opinion-Order requiring that certain [enumerated] equipment [] be "turned over" to McConnell and to ECI by "the Montgomery County Sheriff, [the Campisi Defendants], or any other individual or entity who is in possession of the equipment[.]" Th[e c]ourt's Memorandum Opinion-Order also ordered that TSEC's judgment against McConnell for conversion at Docket MDJ-3124-CV-261-2016 be considered satisfied, based on McConnell's full payment of the damages owed. Finally, th[e c]ourt's Memorandum Opinion-Order ordered that "Defendants" shall be jointly and severally liable for any damage to the equipment enumerated within and for all storage costs related to the storage and recovery of the equipment enumerated within.

[4] [THE COURT:] **Are you here on behalf of yourself or [TSEC]**?

[ANTHONY CAMPISI:] **On behalf of everybody**, Your Honor. Adam Sager [Counsel for TSEC] kind of like nailed me at the last moment.

Q: Well, I'm going to let you speak on behalf of yourself. The corporation has to be represented by an attorney under the law. So I don't know how you're going to split that hair, but this has to do with yourself, TS[EC], and as Mr. Saraceni is asking me to recognize TS[EC] as an alter[-]ego of Campisi. *See* N.T. Oral Argument 9/21/18[, at] 18 (emphasis added).

On October 5, 2018, Anthony Campisi filed a Praecipe for Appearance, entering his *pro se* appearance for TSEC, Campisi Construction, and Campisi Partnership, LLP.[5] On October 9, 2018, a motion for reconsideration of th[e] court's Memorandum Opinion-Order dated September 26, 2018 was filed, requesting that the Memorandum Opinion-Order be vacated. Th[e] court denied the motion for reconsideration in an order dated October 11, 2018, and further ordered that counsel who filed said motion—Matthew B. Weisberg, Esquire—enter his appearance on behalf of "defendants." Subsequently, [Attorney Weisberg] entered his appearance for [the Campisi Defendants] and [TSEC], suggesting that the motion for reconsideration was filed on behalf of TSEC. The motion for reconsideration did not raise the issue of improper service or lack of subject matter jurisdiction, instead making arguments on the merits.

> [5] Counsel for TSEC, Adam Sager, Esquire, filed a praecipe for withdrawal of appearance for Campisi Construction and Campisi Partnership[,] LLP on October 5, 2018, but to date, he has never formally withdrawn from representing TSEC.
>
> On July 24, 2019, TSEC filed a Motion to Strike and Vacate Declaratory Judgment for Lack of Subject Matter Jurisdiction, which this court denied in an order dated August 26, 2019. On September 18, 2019, TSEC filed a timely notice of appeal.

Trial Court Opinion, 11/14/19, at 1-3 (citations to record and unnecessary capitalization omitted).

On appeal, TSEC asserts that the trial court erred in both summarily granting the declaratory judgment and denying its motion to strike and vacate that judgment because the court lacked jurisdiction to enter a declaratory judgment due to the omission of TSEC as an indispensable party to the action. TSEC asserts that the underlying judgment—collection of which was the goal of the declaratory judgment action—was entered against the Campisi Defendants, not TSEC. Although Petitioners asserted various claims against TSEC in the declaratory judgment action, TSEC was not properly joined as a defendant and Campisi was legally incapable of representing the company's interests, both as a non-attorney and as a party with rights adverse to TSEC. TSEC argues that, instead of pursuing a declaratory judgment action, which "directly impacted TSEC's property rights *regardless of who might be ultimately found to possess the equipment at issue*," Brief of Appellant, at 32 (emphasis in original), ECI could and should have pursued the "existing judgment collection procedures and rules" available under Pa.R.C.P. 3118 (Supplementary relief in aid of execution), which are intended to "protect the

due process and property rights of non-parties," Brief of Appellant, at 38, while at the same time "provid[ing] a speedy means for the judgment creditor to obtain satisfaction of his judgment without resort to 'full dress equity proceedings.'" *Id.* at 35, quoting *Chadwin v. Crouse*, 386 A.2d 33, 37 (Pa. Super. 1978). TSEC argues that the trial court

> exceeded its jurisdictional authority by declaring a final judgment against TSEC that forever took away TSEC's assets and imposed liability on TSEC even though: (a) TSEC was not a party to these proceedings[;] (b) TSEC had not been given the opportunity to conduct any discovery[;] and (c) TSEC was not provided with a trial.

Brief of Appellant, at 38-39 (emphasis omitted). We are constrained to agree.

Generally, a party may obtain a declaration of existing legal rights, duties, or status of parties by filing a petition pursuant to the Declaratory Judgments Act ("Act"). *Bayada Nurses, Inc. v. Com., Dep't of Labor & Indus.*, 8 A.3d 866, 874 (Pa. 2010). The purpose of the Act is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." 42 Pa.C.S.A. § 7541(a). "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." 42 Pa.C.S.A. § 7540. A party is indispensable when his rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. *Sprague v. Casey*, 550 A.2d 184 (Pa. 1988). The statutory provision requiring joinder of all indispensable

parties constitutes a jurisdictional requirement. ***See Vale Chem. Co. v.***

***Hartford Accident and Indem. Co.***, 516 A.2d 684 (Pa. 1986).

> "[I]t is never too late to attack a judgment or decree for want of jurisdiction. That question is always open." ***In Re Simpson's Estate***, [] 98 A. 35, 38 ([Pa.] 1916). "Such a judgment is entitled to no authority or respect, and is subject to impeachment in collateral proceedings at any time by one whose rights it purports to affect." ***Moskowitz's Registration Case***, [] 196 A. 498, 502 ([Pa.] 1938). . . . Moreover, [it] is "well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void and is subject to attack by the parties in the same court or may be collaterally attacked at any time." ***Com. ex rel. Howard v. Howard***, [] 10 A.2d 779, 781 (1933) [([Pa. Super.] 1940)].

***Barnes v. McKellar***, 644 A.2d 770, 773 (Pa. Super. 1994). ***See also***

***Northern Forests II, Inc. v. Keta Realty Co.***, 130 A.3d 19, 28-29 (Pa.

Super. 2015) (failure to join indispensable party is non-waivable defect that

implicates trial court's subject matter jurisdiction).

Where issues of fact must be determined in an action seeking

declaratory judgment, those issues must be determined as in other civil

actions. ***Regis Ins. Co. v. All Am. Rathskeller, Inc.***, 976 A.2d 1157, 1162

(Pa. Super. 2009), citing 42 Pa.C.S.A. § 7539. ***See also*** Pa.R.C.P. 1601

(practice and procedure in declaratory judgment action shall follow, as nearly

as may be, rules governing civil action).

> In addition,

> Corporations may appear and be represented in Pennsylvania courts only by an attorney at law "duly admitted to practice." ***Walacavage v. Excell 2000, Inc.***, [] 480 A.2d 281, 284 ([Pa. Super.] 1984) (stating: "The federal courts and the courts of our sister states have consistently held that a corporation may appear in court only through an attorney at law admitted to practice

before the court"). ***See also Shortz v. Farrell***, [] 193 A. 20, 24 ([Pa.] 1937) (stating: "In the case of a corporate party . . . there can be no legal representation at all except by counsel, because a corporation cannot appear in propria persona. . . . Were it otherwise, a corporation could employ any person, not learned in the law, to represent it in any or all judicial proceedings") (internal citations omitted). []

"The reasoning behind the general rule governing counseled representation of corporations is . . . a corporation can do no act except through its agents and . . . such agents representing the corporation in [c]ourt must be attorneys at law who have been admitted to practice, are officers of the court and subject to its control. This rule holds even if the corporation has only one shareholder." ***Walacavage***, ***supra*** at 284 (internal citations omitted) (emphasis added). []

In a civil action, the court lacks jurisdiction to consider the claims raised by [a] non-attorney. ***See, e.g.***, ***Spirit of the Avenger Ministries v. Commonwealth***, 767 A.2d 1130, 1131 (Pa. Cmwlth. 2001) (holding appellate court lacked jurisdiction to consider claims, which non-attorney pastor made on behalf of church in appeal from tax-exemption determination of agency); ***McCain v. Curione***, [] 527 A.2d 591, 594 ([Pa. Cmwlth.] 1987) (holding court lacked jurisdiction to consider pleadings, which non-attorney filed on behalf of prisoner in civil action).

***David R. Nicholson, Builder, LLC v. Jablonski***, 163 A.3d 1048, 1052-54 (Pa. Super. 2017).

Here, Petitioners commenced a declaratory judgment action seeking a declaration of their rights in certain equipment *vis a vis*, among others, TSEC, a non-party to the underlying action that resulted in the judgment ECI sought to satisfy. Petitioners sought to hold TSEC jointly and severally liable with the Campisi Defendants for any damage to the equipment in question, as well as for costs related to the storage of the equipment. Petitioners further requested that the court mark TSEC's judgment against McConnell, in the

amount of $12,189.40, satisfied.  Finally, Petitioners sought a declaration that TSEC is an alter ego of the Campisi Defendants.  Clearly, TSEC had an "interest which would be affected by the declaration" if granted by the Court.  42 Pa.C.S.A. § 7540.  Accordingly, TSEC was an indispensable party to the action and was required to be joined as a party.[1]

---

[1] The cases cited by the trial court in support of its assertion that the mandatory joinder requirement of the Act is "subject to limitations," Trial Court Opinion, 11/14/19, at 13, are inapposite.  In ***City of Philadelphia v. Com.***, 838 A.2d 566 (Pa. 2003), our Supreme Court held that, in proceedings under the Act, where a person's official designee is already a party, the participation of such designee may alone be sufficient, where the interests of the two are identical, as participation of both would result in duplicative filings.

Here, Campisi, a non-lawyer, is prohibited by law from representing a corporate entity in legal proceedings.  ***See David R. Nicholson, Builder, LLC***, ***supra***.  Moreover, Campisi's interests are not identical to those of TSEC.  As TSEC notes in its brief, because the court held the Campisi Defendants and TSEC jointly and severally liable for damage and storage costs, "Campisi ha[s] an adverse personal interest in seeing TSEC bear the cost of that liability, and *vice versa*.  In addition, to the extent that the liability was paid by [] Campisi, he may have [] potential claims for indemnity or contribution against TSEC."  Brief of Appellant, at 47.  Accordingly, the court's reliance on ***City of Philadelphia*** is misplaced.

In ***Estate of Moore***, 871 A.2d 196 (Pa. Super. 2005), a third-party buyer sought specific performance in a dispute over real property belonging to an estate.  After the buyer initiated an action against the administratrix in her fiduciary capacity, the administratrix transferred the subject estate property to herself as an individual.  The trial court ultimately held that the buyer was entitled to specific performance.  On appeal, the administratrix claimed that the trial court lacked jurisdiction over the matter because the buyer had failed to join her, in her individual capacity, as an indispensable party.  This Court concluded, where at the time the action was initiated, all indispensable parties were joined, the administratrix's subsequent act of deeding the property to herself did not defeat the court's jurisdiction.  Moreover, because the estate's sole other heir had assigned her interest to the administratrix, the
*(Footnote Continued Next Page)*

administratix's interests as fiduciary and individual converged and were identical.

In relying on **Estate of Moore** to support its conclusion that TSEC is not an indispensable party, the trial court focuses almost exclusively on a statement by the Court that the administratrix's due process rights as an individual were not violated because "she created the predicament herself while in the midst of litigation over the property, and she had an opportunity to be heard." **Estate of Moore**, 871 A.2d at 204. The court analogizes the actions of the administratrix to those it attributes to TSEC in this matter:

> The scenario described in **Estate of Moore** is exactly that contemplated in the case at hand. Here, TSEC is a non-party appellant that directly contributed to "creating the predicament" of litigation over the property in question, and has been involved and noticed of the proceedings at every step of the way—from service of process at its business address, numerous filings on its behalf under this docket by Anthony Campisi and various counsel, and attendance at oral argument via its representative Anthony Campisi. TSEC cannot now claim that it had no notice and no opportunity to be heard, when the record belies these claims. If the entire purpose of holding a party indispensable is "the protection of due process rights," then TSEC cannot be said to be an indispensable party, as its rights were already adequately protected.

Trial Court Opinion, 11/14/19, at 16.

Although the court does not explain precisely how TSEC "created the predicament" that necessitated the filing of the declaratory judgment action, we find the court's reliance on a statement that amounts to mere *dicta* to be misplaced. The holding in **Estate of Moore** was grounded in the fact that the trial court possessed jurisdiction where all indispensable parties were joined at the time jurisdiction attached. **See In re Estate of Moore**, 871 A.2d at 203, quoting **Get Set Org. v. Philadelphia Fed'n of Teachers**, 286 A.2d 633, 636 (Pa. 1971) ("[J]urisdiction once acquired is not defeated by subsequent events, even though they are of such a character as would have prevented jurisdiction from attaching in the first instance."). The Court's passing reference to the administratrix having "creat[ed] the predicament" was ancillary to the Court's holding, and we can find no other case applying that theory to create an exception to the Act's mandatory joinder requirement.

Proper service is a prerequisite to the court's jurisdiction over the person of a defendant. **Anzalone v. Vormack**, 718 A.2d 1246, 1248 (Pa. Super. 1998). Pennsylvania Rule of Civil Procedure 1601(a) provides that "a plaintiff seeking only declaratory relief shall commence an action by filing a complaint captioned 'Action for Declaratory Judgment.' *The practice and procedure shall follow, as nearly as may be, the rules governing the civil action*." Pa.R.C.P. 1601(a) (emphasis added). Rule of Civil Procedure 400(a) provides that, "(e)xcept as provided in subdivisions (b) and (c) and in Rules 400.1 and 1930.4, original process shall be served within the Commonwealth only by the sheriff." Pa.R.C.P. 400(a). Rule 400(b) provides: "In addition to service by the sheriff, original process may be served also by a competent adult in the following actions: . . . (3) *declaratory judgment when declaratory relief is the only relief sought*." Pa.R.C.P. 440(b) (emphasis added).

Here, rather than complying with the Rules of Civil Procedure governing the service of original process, Petitioners simply sent a copy of the declaratory judgment action by first class, regular mail to "Campisi Construction, et al." at an address purportedly shared by TSEC. **See** Certificate of Service, 5/19/18. Service by first class mail, as effected in this case, fails to confer jurisdiction on the trial court. **Gallman v. Martin**, 889 A.2d 649, 652 (Pa. Cmwlth. 2005) (affirming dismissal of declaratory judgment action for lack of jurisdiction where complaint served by certified mail); **Weaver v. Martin**, 655 A.2d 180, 184 (Pa. Super. 1995) (Rules of Civil Procedure do not allow for service of process by certified mail). Moreover,

TSEC cannot be said to have waived valid service of process by virtue of Campisi having filed a *pro se* answer or appearing at oral argument. **See Peterson v. Philadelphia Suburban Transp. Co.**, 255 A.2d 577 (Pa. 1969) (person may become party to action by voluntarily entering appearance when there has been improper service of process). As a non-attorney, Campisi was not permitted to appear in court on behalf of a corporate entity, and the court lacked jurisdiction to consider any pleading he filed on TSEC's behalf. **David R. Nicholson, Builder, LLC**, **supra**.

We are sympathetic to the frustration felt by both ECI and the court with respect to the obfuscatory conduct of Mr. Campisi throughout the pendency of this matter. It is apparent from the record that he has, at every turn, taken actions to impede ECI's valid efforts to collect on its judgment against the Campisi Defendants. However, the Petitioners' failure to properly join TSEC as an indispensable party, as required by the Act and in accordance with the Rules of Civil Procedure applicable to declaratory judgment actions, leaves us with no option but to reverse the order of the trial court denying TSEC's motion to strike and vacate the declaratory judgment, and direct the trial court to vacate the judgment. **See Vale Chem. Co.**, **supra**; 42 Pa.C.S.A. § 7540.

Order reversed. Case remanded for vacatur of judgment. Jurisdiction relinquished.

Judge Strassburger did not participate in the consideration or decision of this matter.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/21/21</u>