J-S19002-17

2017 PA Super 153

| | | |
|---|---|---|
| DAVID R. NICHOLSON, BUILDER, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ERIN L. JABLONSKI AND BRANDON M. VOGEL, HUSBAND AND WIFE | : | |
| | : | |
| Appellees | : | No. 1603 MDA 2016 |

Appeal from the Order Entered August 29, 2016
In the Court of Common Pleas of Union County
Civil Division at No(s):  16-0109

BEFORE:   GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

OPINION BY GANTMAN, P.J.:                        **FILED MAY 19, 2017**

Appellant, David R. Nicholson, Builder, LLC, appeals from the order entered in the Union County Court of Common Pleas, which sustained the preliminary objections of Appellees, Erin L. Jablonski and Brandon M. Vogel, struck Appellant's *de novo* appeal, and dismissed as untimely Appellant's complaint for breach of contract.  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant is a single-member limited liability company ("LLC").  David R. Nicholson, a non-attorney, is the sole member of Appellant.  In November 2011, the parties entered into an agreement for Appellees to pay Appellant, in two installments, an outstanding balance for services Appellant had provided Appellees.  On November 24, 2015, Mr. Nicholson filed a *pro se* complaint on behalf of Appellant before a Magisterial District Judge ("MDJ")

_____

*Former Justice specially assigned to the Superior Court.

against Appellees for Appellees' alleged failure to perform under the agreement. The MDJ entered judgment in favor of Appellees on February 3, 2016.

On February 26, 2016, Mr. Nicholson filed a *pro se* appeal on behalf of Appellant in the Union County Court of Common Pleas and a *pro se* complaint. Appellees filed preliminary objections on March 17, 2016. In their preliminary objections, Appellees averred: (1) Mr. Nicholson could not appear in the court of common pleas on behalf of Appellant because he is not an attorney; and (2) the court did not have jurisdiction over the appeal because Mr. Nicholson's *pro se* filings in the court of common pleas were legal nullities. On April 4, 2016, Appellant filed a counseled complaint. Appellees filed preliminary objections to Appellant's counseled complaint. In their second set of preliminary objections, Appellees restated the averments in their initial preliminary objections and claimed Appellant's counseled complaint was out of time.

Following a hearing, the court sustained Appellees' preliminary objections on August 29, 2016, struck Appellant's appeal, and dismissed Appellant's complaint. Appellant filed a timely notice of appeal on September 28, 2016, and a voluntary concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

Appellant raises three issues for our review:

> WHETHER THE TRIAL COURT ERRED IN [SUSTAINING] [APPELLEES]' PRELIMINARY OBJECTIONS, THUS HOLDING

THAT A SINGLE-MEMBER [LLC] CANNOT REPRESENT ITSELF IN THE COURT OF COMMON PLEAS ON AN APPEAL FROM A MAGISTERIAL DISTRICT [COURT]'S RULING?

WHETHER THE TRIAL COURT ERRED IN [SUSTAINING] [APPELLEES]' PRELIMINARY OBJECTIONS, THUS HOLDING THAT THE FILING OF A NOTICE OF APPEAL FROM [A MAGISTERIAL DISTRICT COURT] JUDGMENT CONSTITUTES PROHIBITED SINGLE-MEMBER LLC SELF-REPRESENTATION IN THE COURT OF COMMON PLEAS AND, THEREFORE, MUST BE STRICKEN?

WHETHER THE TRIAL COURT ERRED IN [SUSTAINING] [APPELLEES]' PRELIMINARY OBJECTIONS, THUS HOLDING THAT A COMPLAINT FILED BY THE SOLE MEMBER OF A SINGLE-MEMBER LLC CANNOT BE CURED BY THE FILING OF A COUNSELED AMENDED COMPLAINT?

(Appellant's Brief at 4).

Our scope and standard of review in examining a challenge to an order

sustaining preliminary objections are as follows:

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. *Clemleddy Constr., Inc. v. Yorston*, 810 A.2d 693 (Pa.Super. 2002)[, *appeal denied*, 573 Pa. 682, 823 A.2d 143 (2003)]. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. *Id.*

*Rambo v. Greene*, 906 A.2d 1232, 1235 (Pa.Super. 2006).

In its first and second issues combined, Appellant argues Mr. Nicholson

did not engage in the practice of law when he prepared and filed the *pro se*

appeal and complaint in the court of common pleas on behalf of Appellant. Appellant submits Mr. Nicholson properly filed the appeal because he is Appellant's sole agent. Appellant avers Mr. Nicholson should have been allowed to represent Appellant in the court of common pleas. Appellant concludes this Court should vacate the court's order striking the *de novo* appeal and dismissing the complaint, reinstate Appellant's appeal to the court of common pleas, and remand for further proceedings on Appellant's complaint. We disagree.

Corporations may appear and be represented in Pennsylvania courts only by an attorney at law "duly admitted to practice." ***Walacavage v. Excell 2000, Inc.***, 480 A.2d 281, 284 (Pa.Super. 1984) (stating: "The federal courts and the courts of our sister states have consistently held that a corporation may appear in court only through an attorney at law admitted to practice before the court"). ***See also Shortz v. Farrell***, 327 Pa. 81, 90, 193 A. 20, 24 (1937) (stating: "In the case of a corporate party…there can be no legal representation at all except by counsel, because a corporation cannot appear *in propria persona*. … Were it otherwise, a corporation could employ any person, not learned in the law, to represent it in any or all judicial proceedings") (internal citations omitted). Some jurisdictions allow for exceptions to the general rule governing counseled representation of corporations, for "special small claims courts with informal rules of procedure in which corporate as well as individual litigants are permitted or

even required to appear without an attorney" and for "stockholder's derivative actions." ***Walacavage, supra*** at 284. ***See also*** Pa.R.P.C.M.D.J. 207(A)(3) (stating: "In magisterial district court proceedings: …Corporations or similar entities…may be represented by an attorney at law, by an officer of the corporation, entity, or association, or by an employee or authorized agent of the corporation, entity, or association with personal knowledge of the subject matter of the litigation and written authorization from an officer of the corporation, entity, or association to appear as its representative").[1]

"The reasoning behind the general rule governing counseled representation of corporations is…a corporation can do no act except through its agents and…such agents representing the corporation in [c]ourt must be attorneys at law who have been admitted to practice, are officers of the court and subject to its control. This rule holds even if the corporation has **only one shareholder**." ***Walacavage, supra*** at 284 (internal citations omitted) (emphasis added). ***See also Advanced Telephone Systems, Inc. v. Com-Net Professional Mobile Radio, LLC***, 846 A.2d 1264, 1278 (Pa.Super. 2004), *appeal denied*, 580 Pa. 687, 859 A.2d 767 (2004) (stating: "The general rule is that a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person"). The

_____

[1] The present case involves Appellant's *pro se* representation in a *de novo* appeal in the court of common pleas from a magisterial district court judgment. Accordingly, neither exception applies.

purpose of the rule requiring corporations to appear in court through counsel "[i]s not the protection of stockholders but the protection of the courts and the administration of justice, and that **a person who accepts the advantages of incorporation for his...business must also bear the burdens, including the need to hire counsel to sue or defend in court**." *Walacavage, supra* at 284 (internal quotations omitted) (emphasis added).

Persuasive cases from other jurisdictions hold that an LLC may appear in court only through counsel because other similar business entities, like corporations, partnerships, and associations, must be represented by counsel in court. *See, e.g., Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556-57 (10th Cir. 2001); *Gilley v. Shoffner*, 345 F.Supp.2d 563, 566-67 (M.D.N.C. 2004); *Kipp v. Royal & Sun Alliance Personal Ins. Co.*, 209 F.Supp.2d 962, 962-63 (E.D.Wis. 2002); *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 294 (Bankr.N.D.Ohio 2001); *H & H Development, LLC v. Ramlow*, 272 P.3d 657, 661-62 (Mont. 2012); *301 Clifton Place, LLC v. 301 Clifton Place Condominium Ass'n*, 783 N.W.2d 551, 561 (Minn. Ct. App. 2010); *Martinez v. Roscoe*, 33 P.3d 887, 889 (N.M. Ct. App. 2001), *cert. denied*, 28 P.3d 1099 (N.M. 2001); *Marina Condo. Homeowner's Ass'n v. Stratford at Marina, LLC*, 254 P.3d 827, 834 (Wash. Ct. App. 2011).

Other jurisdictions hold that an LLC can proceed in court only through

counsel because the LLC corporate form shields LLC members from the LLC's liabilities and/or because an LLC is a legal entity distinct from its members. *See, e.g., Michael Reilly Design, Inc. v. Houraney*, 835 N.Y.S.2d 640, 641 (N.Y. App. Div. 2007); *Disciplinary Counsel v. Kafele*, 843 N.E.2d 169, 173-74 (Ohio 2006); *Smith v. Rustic Home Builders, LLC*, 826 N.W.2d 357, 359-60 (S.D. 2013).

Additional cases from other jurisdictions hold specifically that a single-member LLC may proceed in court only through an attorney. *See, e.g., Dougherty v. Snyder*, 469 Fed.Appx. 71, 72 (3d Cir. 2012); *United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008); *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007); *Steinhausen v. HomeServices of Nebraska, Inc.*, 857 N.W.2d 816, 825-26 (Neb. 2015); *Dutch Village Mall v. Pelletti*, 256 P.3d 1251, 1253-54, (Wash. Ct. App. 2011), *review denied*, 272 P.3d 246 (Wash. 2012) (stating consistently that single-member LLC may appear in court only through counsel, because: (1) LLC is legal entity distinct from its member, and (2) LLC confers on its member privileges, which carry obligation to hire lawyer to sue or defend on behalf of LLC).

The Limited Liability Company Law of 1994 ("LLCL"),[2] at 15 Pa.C.S.A.

---

[2] The Pennsylvania Uniform Limited Liability Company Act of 2016 ("PULLCA"), 15 Pa.C.S.A. §§ 8811-8898, repealed and replaced the LLCL, effective as of April 1, 2017.

§§ 8901-8998, governed LLC entities in Pennsylvania before April 1, 2017.

Under the LLCL, the LLC is considered separate and distinct from its members. ***See Missett v. Hub. Intern. Pennsylvania, LLC***, 6 A.3d 530, 535, 537 (Pa.Super. 2010) (analogizing corporate and LLC forms).[3] Section 8922 of the LLCL states:

> **§ 8922. Liability of members and managers**
>
> **(a) General rule.**—[T]he members of a limited liability company shall not be liable, solely by reason of being a member, under an order of a court or in any other manner for a debt, obligation or liability of the company of any kind or for the acts of any member, manager, agent or employee of the company.

15 Pa.C.S.A. § 8922(a).[4]  In other words, LLC members enjoy limited

_____

[3] Similarly, Section 8818 of the PULLCA reads: "A limited liability company is an entity distinct from its member or members."  15 Pa.C.S.A. § 8818(a).

[4] Section 8834 of the PULLCA similarly states:

> **§ 8834. Liability of members and managers**
>
> **(a) General rule.**—A debt, obligation or other liability of a limited liability company is solely the debt, obligation or other liability of the company.  A member or manager is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation or other liability of the company solely by reason of being or acting as a member or manager.  This subsection applies regardless of:
>
> > (1) whether the company has a single member or multiple members….

*(Footnote Continued Next Page)*

- 8 -

responsibility for the debts, obligations, and liabilities of the LLC. ***Id.*** A membership interest in an LLC "is an ownership interest…and is akin to an interest in stock of a corporation." ***Missett, supra*** at 537. ***See also*** 15 Pa.C.S.A. § 1526(a) (stating stockholder of corporation generally "shall not be liable, solely by reason of being a shareholder, under an order of a court or in any other manner for a debt, obligation or liability of the corporation of any kind or for the acts of any shareholder or representative of the corporation"). ***Compare In re Lawrence County Tax Claim Bureau***, 998 A.2d 675, 680 n.9 (Pa.Cmwlth. 2010) (stating limited partner of Pennsylvania partnership may not represent partnership *pro se* or in partnership's name because limited partner does not share partnership's liabilities; however, general partner does have authority to represent partnership *pro se* to protect partnership asset).

Instantly, Mr. Nicholson is the sole member of Appellant, a single-member LLC. Mr. Nicholson is not an attorney. On behalf of Appellant, Mr. Nicholson filed *pro se* in the court of common pleas both an appeal from the magisterial district court judgment and a complaint. Appellant's LLC form affords Mr. Nicholson advantages. For example, Appellant is a legal entity distinct and separate from Mr. Nicholson. ***See Missett, supra***.

*(Footnote Continued)* ─────────────

15 Pa.C.S.A. § 8834(a)(1). "The 'separate entity' characteristic is fundamental to a limited liability company and is inextricably connected to…the liability shield…." 15 Pa.C.S.A. § 8818, *Committee Comment, 2016* (internal citation omitted).

Additionally, Mr. Nicholson is not personally responsible for Appellant's debts, obligations, and liabilities. **See id.**; 15 Pa.C.S.A. § 8922(a), **supra**. The advantages which Appellant's form confers on Mr. Nicholson, as a single member of Appellant LLC, are similar to the advantages of a corporation. **See Advanced Telephone Systems, Inc., supra**; **Missett, supra**. These advantages obligate Appellant to bear certain corporate burdens, such as the need to hire counsel to sue or defend in court. **See Walacavage, supra**. Thus, the cited persuasive authority leads us to conclude that LLC entities, generally, may not proceed in Pennsylvania courts of common pleas except through a licensed attorney. Accordingly, Appellant's first two issues merit no relief.

In its third issue, Appellant argues that even if Mr. Nicholson erroneously represented Appellant in the court of common pleas, Appellant cured that defect when it filed a counseled complaint. Appellant asserts Appellees suffered no prejudice as a result of Mr. Nicholson filing the notice of appeal and complaint *pro se* in the court of common pleas. Appellant concludes this Court should vacate the court's order striking the *de novo* appeal and dismissing the complaint, reinstate Appellant's appeal to the court of common pleas, and remand for further proceedings on Appellant's complaint. We disagree.

With very few exceptions, the general rule is that non-attorneys are unable to represent parties before Pennsylvania courts and most

administrative agencies. *In re Estate of Rowley*, 84 A.3d 337, 340 (Pa.Cmwlth. 2013), *appeal denied*, 626 Pa. 702, 97 A.3d 746 (2014), *cert. denied*, ___ U.S. ___, 135 S.Ct. 1720, 191 L.Ed.2d 689 (2015) (affirming trial court's decision not to allow non-attorney administrator to represent estate in action to vacate judicial tax sale of property of estate).  In a civil action, the court lacks jurisdiction to consider the claims raised by non-attorney.  *See, e.g., Spirit of the Avenger Ministries v. Commonwealth*, 767 A.2d 1130, 1131 (Pa.Cmwlth. 2001) (holding appellate court lacked jurisdiction to consider claims, which non-attorney pastor made on behalf of church in appeal from tax-exemption determination of agency); *McCain v. Curione*, 527 A.2d 591, 594 (Pa.Cmwlth. 1987) (holding court lacked jurisdiction to consider pleadings, which non-attorney filed on behalf of prisoner in civil action).

Rule 1002 of the Pennsylvania Rules of Civil Procedure of the Magisterial District Judges, governing appellate proceedings with respect to judgments and other decisions of the MDJ in civil matters, provides in pertinent part as follows:

### Rule 1002. Time and Method of Appeal

A. A party aggrieved by a judgment for money…may appeal therefrom within thirty (30) days after the date of the entry of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the State Court Administrator together with a copy of the Notice of Judgment issued by the magisterial district judge.  The prothonotary shall not accept an appeal from an aggrieved party which is

presented for filing more than thirty (30) days after the date of entry of the judgment without leave of court and upon good cause shown.

Pa.R.C.P.M.D.J. 1002(A).  Rule 1004 provides in part:

**Rule 1004. Filing Complaint or *Praecipe* on Appeal; Appeals Involving Cross-Complaints**

A. If the appellant was the claimant in the action before the magisterial district judge, he shall file a complaint within twenty (20) days after filing his notice of appeal.

Pa.R.C.P.M.D.J. 1004(A).  Rule 1006 reads:

**Rule 1006. Striking Appeal**

Upon failure of the appellant to comply with Rule 1004A…, the prothonotary shall, upon *praecipe* of the appellee, mark the appeal stricken from the record.  The court of common pleas may reinstate the appeal upon good cause shown.

> *Note:* This rule is intended to provide sanctions for failing to act within the time limits prescribed.

Pa.P.C.P.M.D.J. 1006.  Further, Rule 1007 states, in pertinent part:

**Rule 1007. Procedure on Appeal**

A. The proceeding on appeal shall be conducted *de novo* in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas.

Pa.R.C.P.M.D.J. 1007(A).

An appellant from a magisterial district court judgment must perfect the appeal by filing in the court of common pleas a timely complaint per Pa.R.C.P.M.D.J. 1004(A).  ***Indep. Tech. Servs. v. Campo's Exp., Inc***., 812 A.2d 1238, 1240 (Pa.Super. 2002).   The appeal is subject to the

Pennsylvania Rules of Civil Procedure only after the appellant perfects the appeal in the court of common pleas. *Id.*

Pennsylvania Rule of Civil Procedure 1028 governs preliminary objections. Rule 1028(a) provides that a party may file preliminary objections in response to a proper pleading. Pa.R.C.P. 1028(a). Rule 1028(c)(1) provides in part: "A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections." Pa.R.C.P. 1028(c)(1). In other words, a party has an opportunity to file an amended pleading as of right within twenty days of service of preliminary objections. *Lerner v. Lerner*, 954 A.2d 1229, 1240 (Pa.Super. 2008).

Instantly, the MDJ entered judgment in favor of Appellees on February 3, 2016. On February 26, 2016, Mr. Nicholson filed a *pro se* notice of appeal in the Union County Court of Common Pleas on behalf of Appellant and a *pro se* complaint. Appellees filed preliminary objections on March 17, 2016, averring the court lacked jurisdiction over the appeal, because Mr. Nicholson is not an attorney and his *pro se* filings in the court of common pleas were legal nullities. Appellees' act of filing of preliminary objections to Appellant's *pro se* complaint did not serve to extend the time for Appellant to perfect its appeal from the MDJ's judgment, entered on February 3, 2016, by filing an amended counseled complaint. Under the rules governing appellate proceedings with respect to judgments and other decisions of the MDJ in civil matters, Appellant had thirty days to file a notice of appeal to the court of

common pleas and another twenty days from the date of the notice of appeal to file a counseled complaint in order to perfect its appeal. ***See*** Pa.R.C.P.M.D.J. 1002(A), 1004(A). Therefore, Appellant had until March 24, 2016, to perfect its appeal. Appellant did not file its counseled complaint until April 4, 2016, which was outside the time limits of the relevant appellate rules.

Appellees filed preliminary objections to the counseled complaint, restating their contention that Appellant's *pro se* notice of appeal and initial complaint were legal nullities and maintaining that Appellant's counseled complaint was untimely per the applicable rules of court. Following a hearing, the court sustained Appellees' preliminary objections, struck Appellant's appeal and dismissed Appellant's complaint as untimely.

When the trial court decided Appellant had failed to perfect its appeal in a timely manner, the court reasoned that Mr. Nicholson was engaged in the unauthorized practice of law because he: (1) is not an attorney; and (2) filed a *pro se* notice of appeal and a *pro se* complaint in the court of common pleas on behalf of Appellant, an LLC. (N.T. Preliminary Objections Hearing, 8/29/16, at 12-14). The court determined the *pro se* complaint was invalid and struck Appellant's appeal. ***Id.*** The court also decided Appellant's counseled complaint was outside the pertinent time limits and did not serve to amend the initial *pro se* complaint. ***Id.*** The record supports the trial court's ruling.

Here, Mr. Nicholson filed a *pro se* notice of appeal and complaint on behalf of Appellant in the court of common pleas within 30 days of the MDJ judgment. ***See*** Pa.R.C.P.M.D.J. 1002(A), ***supra***. As a non-attorney, however, Mr. Nicholson could not represent Appellant in the court of common pleas. Thus, the court lacked jurisdiction to consider Appellant's initial *pro se* complaint. ***See Spirit of the Avenger Ministries, supra***. Appellant filed its counseled complaint on April 4, 2016, more than 20 days after the date of its notice of appeal. Consequently, the counseled complaint was untimely. ***See*** Pa.R.C.P.M.D.J. 1004(A). Further, Appellant's initial complaint could not be "amended" under Rule 1028 of the Pennsylvania Rules of Civil Procedure because the benefit of Rule 1028 would not be available to Appellant in this case until **after** Appellant had properly perfected its appeal with the filing of a **timely** counseled complaint. ***See Indep. Tech. Servs., supra***. Therefore, the court of common pleas properly determined it lacked jurisdiction over Appellant's appeal because Appellant failed to perfect its appeal in a timely manner. ***See id.***; ***Spirit of the Avenger Ministries, supra***.

Based upon the foregoing, we hold that LLC entities generally must be represented by a qualified attorney at law in the Pennsylvania courts of common pleas. Accordingly, we affirm the court's order striking Appellant's appeal and dismissing Appellant's amended complaint as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2017