J-A26024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| REAM PROPERTIES, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THOMAS AND THERESA HAMILTON | : | |
| | : | |
| | : | No. 323 MDA 2017 |
| APPEAL OF: ROBERT L. PAULETTA, | : | |
| JR. | : | |

Appeal from the Order Entered February 10, 2017
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2015 CV 466 DJ

BEFORE: BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 12, 2018**

Appellant, Robert L. Pauletta, Jr., the sole member of the limited liability corporation Ream Properties, LLC (Ream), appeals from orders entered on August 12, 2015 and February 10, 2017 in the Court of Common Pleas of Dauphin County that held him in civil contempt for repeatedly attempting to serve as Ream's legal counsel in contravention of several court directives. We affirm.

The relevant facts and procedural history are as follows. Ream is a single-member limited liability company whose sole member is Appellant, a non-attorney. In April 2008, Ream entered into an agreement with Thomas and Theresa Hamilton ("the Hamiltons") to acquire, rehabilitate, and resell real properties located in Dauphin County. Pursuant to this agreement, the Hamiltons agreed to serve as general contractors in the renovation of a

property owned by Ream in Harrisburg, Pennsylvania. In March 2010, Ream sold the property to a purchaser who allegedly experienced problems arising from the poor quality of work performed by the Hamiltons. Eventually, losses and expenses were incurred in settling legal claims asserted by the purchaser.

To recover his losses, Appellant, in April 2014, filed a complaint on behalf of Ream at trial court docket number 2014-CV-3178. In May 2014, the Hamiltons filed preliminary objections alleging, among other things, that Appellant was not a licensed attorney and, therefore, could not represent Ream before the court. On December 5, 2014, the trial court sustained the Hamiltons' preliminary objections and granted Ream 20 days in which to file an amended complaint so long as it secured legal counsel. Instead of filing an amended complaint with the assistance of counsel, Appellant withdrew the complaint and filed a civil complaint with the magisterial district court.[1] On January 22, 2015, a default judgment against the Hamiltons was entered before the magistrate.

After the Hamiltons appealed the default judgment to the trial court,[2] Appellant filed another complaint on behalf of Ream at docket number

_____

[1] Appellant docketed the complaint before the magistrate at MJ-12106-CV-000320-2014.

[2] Owing to procedural oversight, the trial court required the Hamiltons to file a motion to reinstate their appeal. During this time, Appellant retained the services of a licensed attorney to represent Ream for the limited purpose
*(Footnote Continued Next Page)*

2015-CV-466-DJ. Thereafter, in June 2015, the Hamiltons moved to dismiss all matters filed by Appellant on behalf of Ream and asked the court to enjoin Appellant from further efforts to represent the company. The Hamiltons also requested sanctions and asked the court to hold Appellant in contempt. To support their requests, the Hamiltons attached to their submissions an April 5, 2012 order entered in case number 2011-CV-5054 (a litigation filed by the property purchaser against Ream, Appellant, and others) in which the court referred Appellant to the district attorney for practicing law without a license based upon court filings he made on behalf of Ream. The Hamiltons also attached a January 27, 2015 order, entered at case number 2013-CV-10851, in which the trial judge enjoined Appellant from representing Ream and ordered that all petitions, motions, and pleadings filed by Appellant on behalf of Ream be dismissed with prejudice.

Appellant filed several responses to the Hamiltons' motions to dismiss and to hold him in contempt. Pursuant to Pa.R.C.P. 1506 and 28 U.S.C. 1654, Appellant asked the trial court to treat this matter as a shareholder's derivative action and allow him to appear personally on behalf of Ream. Appellant also filed objections to the Hamiltons' motion to dismiss, declaring that Ream is a small, closely-held business, not publicly traded, and nothing

_(Footnote Continued)_ ⸺⸺⸺⸺⸺

of arguing against reinstatement. Counsel subsequently declined further participation in this matter on behalf of Ream and, eventually, received leave to withdraw from the trial court.

more than an extension of its owner. ***See*** Plaintiff's Objections to Defendants' Motion to Dismiss the Complaint with Prejudice, 6/18/15, at 4 (unpaginated). Appellant also stated that the prohibition on "self-representation" constituted an arbitrary deprivation of his right to due process and that he "**has and will**" continue to represent Ream before public tribunals. ***Id.*** at 5 (unpaginated; emphasis added).

In view of the Hamiltons' filings, the trial court scheduled a hearing and status conference in this matter for August 4, 2015. As that date approached, Appellant filed a suggestion of bankruptcy, advising the court that Ream filed a petition under Chapter 11 of the United States Bankruptcy Code. It appears from the parties' submissions that the trial court convened the August 4 status conference, but it is unclear whether a hearing on the Hamiltons' contempt motion occurred as there are no notes of testimony in the certified record. Nevertheless, on or about August 12, 2015, the court issued an order holding Appellant in contempt and directing him to pay $3,295.50 in attorneys' fees within ten days.

Because Appellant failed to comply with the trial court's August 12, 2015 contempt order, the Hamiltons filed a second contempt petition on August 24, 2015 asking the court to impose an additional sanction of $500.00 against Appellant. In response, on October 23, 2015, the trial court scheduled a contempt hearing for December 30, 2015. Before this hearing could take place, Appellant filed a counseled notice of removal transferring this case to the bankruptcy court. By order of January 15, 2016, the trial

court stayed the contempt proceedings pending resolution of the bankruptcy matter, including the propriety of proceeding outside the automatic stay. On January 21, 2016, a bankruptcy judge dismissed the parties' dispute from bankruptcy court. Thereafter, the Hamiltons asked the trial court to proceed in adjudicating their contempt petitions against Appellant. Several continuances ensued, however, owing to a judicial reassignment and two adversary contempt actions filed by Appellant before the bankruptcy court.[3]

Eventually, the trial court scheduled a hearing on the Hamiltons' contempt petition for February 10, 2017. At the conclusion of that proceeding, the court issued a consent order summarizing the parties' resolution of the case, including the motion for contempt. The order declared that Appellant had been found in contempt and that in exchange for his payment of the Hamiltons' attorneys' fees, the underlying case would be dismissed with prejudice.[4] The order further directed that Appellant must serve three 30-day terms of confinement in the Dauphin County Prison, the first to commence on March 1, 2017, the second to begin on April 3, 2017, and the third to begin on May 1, 2017. The order allowed Appellant to avoid

---

[3] Appellant alleged in the bankruptcy proceedings that the Hamiltons violated the automatic stay in pursuing their contempt petitions before the trial court.

[4] Notes of testimony from the February 10, 2017 hearing are not included in the certified record.

reporting for prison by paying $1,000.00 to defense counsel on or before the commencement day for each period of confinement.

Appellant filed a notice of appeal on February 23, 2017 stating that he challenged the orders entered on August 12, 2015 and February 10, 2017. Thereafter, pursuant to order of court, he filed a timely concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). The trial court issued its Rule 1925(a) opinion on April 10, 2017.

The Hamiltons have moved to quash the instant appeal. They argue that Appellant's appeal from the August 2015 order is untimely. They also argue that, because Appellant does not dispute his failure to pay the August 12, 2015 court-ordered sanctions, his challenge to the February 2017 order does not advance a viable issue on appeal. Under these circumstances, the Hamiltons contend they are entitled to attorneys' fees incurred in litigating a frivolous appeal. By order dated April 18, 2017, this Court deferred disposition of the Hamiltons' motion to quash to the merits panel. The entire appeal is now ripe for resolution.

To facilitate our review, we have reframed the issues considered on appeal.[5] The first issue we consider is whether we have jurisdiction over

_____

[5] Appellant raises certain claims challenging the impartiality of the trial judge based upon an alleged personal relationship with counsel for the Hamiltons. As these claims were not presented before the trial court, we find that they are waived. *See* Pa.R.A.P. 302(a) (claims not presented before the trial court are waived).

Appellant's February 2017 appeal of the August 12, 2015 order that imposed sanctions and found him in contempt. The second issue we consider is whether the trial court erred or abused its discretion in holding Appellant in contempt in its February 10, 2017 order.

Appellant's February 2017 notice of appeal purports to challenge an order entered by the trial court on August 12, 2015. To support his contention that this appeal is timely, Appellant argues that he filed a suggestion of bankruptcy, advising the trial court that Ream sought protection under the Bankruptcy Code, before the issuance of the challenged order and that the automatic stay tolled the appeal period. We disagree.

This Court exercises jurisdiction over timely appeals from appealable orders. A contempt order such as the one issued on August 12, 2015 that not only finds contempt but also imposes sanctions is appealable. *See N.A.M. v. M.P.W.*, 168 A.3d 256, 261 (Pa. Super. 2017). To establish jurisdiction in this Court, a litigant must file his notice of appeal within 30 days of the entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903(a).

Here, the suggestion of bankruptcy made clear that Ream, not Appellant, was the party that sought protection under Chapter 11 of the Bankruptcy Code. As such, the automatic stay did not extend to Appellant and the trial court had authority to find him in contempt on August 12, 2015. *See First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 336 (Pa. Super. 1999) ("[o]nly the bankruptcy debtor ... receives the benefit of

an automatic stay of all proceedings in a Chapter 11 bankruptcy"). Under these circumstances, it follows that the automatic stay did not toll the period during which Appellant could appeal the trial court's ruling. Accordingly, because Appellant filed his notice more than 30 days following entry of the August 12, 2015 order, the appeal from that order is untimely and subject to quashal.

In his second claim, Appellant asserts that the trial court wrongly held him in contempt in its February 10, 2017 order without following proper procedures or conducting a full hearing that would have allowed him the opportunity to present evidence regarding the merits of the contempt finding. This claim is frivolous.

In reviewing a claim that a contempt sanction is improper, appellate courts review the challenged order for an abuse of discretion. ***Commonwealth v. Bowden***, 838 A.2d 740, 761 (Pa. 2003).

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Id.*** at 761-762.

At the outset, our examination of Appellant's second claim begins with the acknowledgment that this Court recently reaffirmed that "[limited liability companies], generally, may not proceed in Pennsylvania courts of common pleas except through a licensed attorney." *David R. Nicholson, Builder, LLC v. Jablonski*, 163 A.3d 1048, 1054 (Pa. Super. 2017). We explained in *Jablonski* that

> The reasoning behind the general rule governing counseled representation of corporations is...a corporation can do no act except through its agents and...such agents representing the corporation in [c]ourt must be attorneys at law who have been admitted to practice, are officers of the court and subject to its control. This rule holds even if the corporation has only one shareholder." [*Walacavage v. Excell 2000, Inc.*, 480 A.2d 281, 284 (Pa. Super. 1984)] (internal citations omitted) (emphasis added). *See also Advanced Telephone Systems, Inc. v. Com−Net Professional Mobile Radio, LLC*, 846 A.2d 1264, 1278 (Pa. Super. 2004), *appeal denied*, 859 A.2d 767 (Pa. 2004) (stating: "The general rule is that a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person"). The purpose of the rule requiring corporations to appear in court through counsel "[i]s not the protection of stockholders but the protection of the courts and the administration of justice, and that **a person who accepts the advantages of incorporation for his...business must also bear the burdens, including the need to hire counsel to sue or defend in court**." *Walacavage*, *supra* at 284 (internal quotations omitted) (emphasis added).

*Jablonski*, 163 A.3d at 1052. In view of these well-established principles, the trial court correctly determined that Appellant had no right to file pleadings on behalf of Ream in the context of this litigation.

We also conclude that Appellant's compilation of the certified record has hampered our review of his claim. There is no transcript of the February

10, 2017 hearing in the record before us. Although Appellant submitted an application for the notes of testimony, he failed to complete the application properly and the trial court ordered that his application would not be entertained given the defects in its preparation. As the proponent of this challenge to the February 10, 2017 proceedings, Appellant bears the consequences of omissions in the record. **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) ("Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty."; "In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted."), *appeal denied*, 916 A.2d 632 (Pa. 2007).

Even in the absence of a transcription of the February 10, 2017 proceedings, we are satisfied that the trial court correctly determined that Appellant acted in defiance of several court orders of which he was intimately aware. Based upon our review of the record and the submissions of the parties, it is clear that Appellant received notice of the February 10, 2017 hearing and appeared with counsel. While represented, Appellant agreed to the court's contempt finding as part of a resolution of the litigation against the Hamiltons. In addition to the numerous filings Appellant made on behalf of Ream, other portions of the record support the court's contempt

finding. In his June 18, 2015 objections to the Hamiltons' motion to dismiss, Appellant confirmed his prior noncompliance with orders entered by the trial court and professed his intention to continue defying the court's orders. **See supra**. There is ample support in the record before us that Appellant lacked any evidence that would have countered the trial court's contempt finding. Hence, no relief is due on Appellant's second claim.

We turn now to the Hamiltons' request for attorneys' fees and costs incurred in connection with litigating this appeal. Pa.R.A.P. 2744(1) authorizes an award of costs and reasonable attorneys' fees where an appellate court determines that an appeal is frivolous. **See** Pa.R.A.P. 2744(1). A frivolous appeal is one that lacks any basis in law or fact. **Thunberg v. Strause**, 682 A.2d 295, 302 (Pa. 1996).

Here, the record reflects Appellant's admittedly willful and repeated defiance of multiple orders entered by the trial court, including his failure to comply with the order entered on August 12, 2015. Hence, the trial court had substantial grounds to hold Appellant in contempt and impose sanctions against him. On appeal, moreover, Appellant's arguments are wholly unsubstantiated and conclusory. Accordingly, we agree that the Hamiltons are entitled to reasonable attorneys' fees and costs associated with this appeal. Thus, we remand this matter to the trial court to determine the amount of reasonable counsel fees and costs incurred by the Hamiltons in litigating the appeal in this matter. **See** Pa.R.A.P. 2744.

Motion to quash granted in part and denied in part. Order affirmed.

Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/12/2018