J-A05004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ISABELLA NOBILSKI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ATLAS HONESDALE, LLC | : | |
| | : | No. 1943 EDA 2017 |
| TRI STATE CORP. AND ATIQUE SHEIKH,<br>Intervenors | : | |
| | : | |
| APPEAL OF: ATLAS HONESDALE, LLC | : | |

Appeal from the Order Dated May 15, 2017
In the Court of Common Pleas of Wayne County Civil Division at No(s):
126-CIVIL-2014

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 26, 2018**

Atlas Honesdale, LLC ("Appellant") appeals from the Order entered in the Wayne County Court of Common Pleas on May 15, 2017, in this action for breach of a lease and ejectment.  Appellant challenges, among other things, the trial court's entry of judgment against it after the court struck Appellant's Answer.[1]   Because Appellant never filed a Motion to Strike or Open the

_____

[1] The final order (1) denied Appellee's Application to Require Bond or Other Security for Supersedeas Pursuant to Pa.R.C.P. No. § 1733; (2) adopted the Stipulation of Facts filed March 31, 2017; (3) found the March 31, 2017

_____

*   Former Justice specially assigned to the Superior Court.

Judgment against it, Appellant has waived its claims on appeal. Thus, we affirm.

In May 2005, Appellant leased the property located in the Borough of Honesdale from the Estate of Martha Buckley. On September 5, 2012, the Estate assigned its rights as the lessor of the property to Appellee, Martha Buckley's sole heir.

From May 2012 to May 2013, Appellant underpaid its rent. In June 2013, Appellant stopped paying rent altogether.

On October 28, 2013, Appellee sent Appellant a Notice of Default by certified mail. On February 3, 2014, Appellee terminated the lease and sent Appellant a Notice of Termination by certified mail, instructing Appellant to vacate and surrender possession of the premises.

On March 12, 2014, Appellee filed a breach of contract and ejectment action for possession of the property against Appellant. At that time, Tri-State Corp. was sub-leasing the property from Appellant. On April 15, 2014, Tri-State Corp. and its principal, Atique Sheikh, (together, "Intervenors") filed a Petition to Intervene, an Answer to Appellee's Complaint,[2] and a Cross-Claim against Vernon Merritt, the sole member of Appellant. The court granted the Petition to Intervene on May 23, 2014.

_____

Settlement Agreement between Intervenors and Appellee an Order of Court; (4) denied Appellant's Motion for Injunctive Relief; and (5) denied Appellant's Motion to Compel Appellee to file for a Writ of Possession.

[2] Intervenors filed an Answer even though Appellee never named Intervenors as defendants and before the court had granted their Petition to Intervene.

On April 16, 2014, Mr. Merritt, who is not an attorney and was not a named party, filed an Answer to the Complaint. Appellee filed a Motion for Judgment on the Pleadings on July 9, 2014. After a hearing, the court denied Appellee's Motion on October 6, 2014.

The parties subsequently scheduled Mr. Merritt's deposition for June 2, 2015. However, Mr. Merritt failed to appear for the deposition.

On August 4, 2015, Appellee filed a Motion to Strike Appellant's Answer and Grant Judgment on the Pleadings as a discovery sanction pursuant to Pa.R.C.P. No. 4019. The court immediately issued a Rule upon Appellant to show cause why the relief requested by Appellee in the Motion to Strike should not be granted. The court made the Rule to Show Cause returnable on August 31, 2015, and scheduled a hearing for the same day.

On August 10, 2015, Mr. Merritt filed, on Appellant's behalf, a Memorandum in Opposition to Appellee's Motion to Strike Appellant's Answer. On August 31, 2015, Mr. Merritt filed a response to the court's Rule to Show Cause. That same day, the court held a hearing on Appellee's Motion to Strike. Neither a lawyer for Appellant nor Mr. Merrit appeared at the hearing.

On September 8, 2015, the court entered an Order striking Appellant's Answer, entering Judgment in favor of Appellee, and ejecting Appellant from the premises.

Appellant, still unrepresented by counsel, filed a Notice of Appeal from the Order. On November 20, 2015, the trial court filed its "Statement of

Reasons" in which it cited Appellant's failure to retain counsel and Mr. Merritt's unauthorized practice of law, as the reasons it struck Appellant's Answer.[3]

On December 21, 2015, this Court quashed the appeal as interlocutory, because Intervenors' cross-claims were still pending. *See Nobilski v. Atlas Honesdale, LLC and Vernon Merritt*, No. 3119 EDA 2015 (Pa. Super. filed December 21, 2015) (unpublished memorandum). This Court further noted that, "a corporation may not appear in court and be represented by a corporate officer and shareholder who is not an attorney." *See id.*

Following remand to the trial court, Appellant obtained counsel, who filed a *lis pendens* on the property on August 16, 2016. Counsel never filed a Petition to Open or Strike the Judgment entered against Appellant.

On March 31, 2017, Appellee and Intervenors entered into a Stipulation of Facts and filed a Motion for Approval of their Settlement Agreement.[4] The

---

[3] The trial court cited *Walacavage v. Excell 2000, Inc.*, 480 A.2d 281 (Pa. Super. 1984,) for the well-settled proposition that "a corporation may appear and be represented in our courts only by an attorney duly admitted to practice." *Walacavage*, 480 A.2d at 285. *See also David R. Nicholson, Builder, LLC v. Jablonski*, 163 A.3d 1048, 1054 (Pa. Super. 2017) (extending the holding in *Walacavage* to LLCs).

[4] Also on March 31, 2017, Appellee filed an "Application to Require Bond or Application for Supersedeas." The court issued a Rule to Show Cause and scheduled a hearing on the Application for April 24, 2017.

On April 24, 2017, Appellant's counsel filed a document entitled "Opposition to Application for Supersedeas or Other Security and Motion for Injunctive Relief Pending Appeal," and an Answer to the Rule to Show Cause, which included a "Motion Seeking to Compel Appellee to Request a Writ of Possession."

court entered an Order on May 15, 2017, approving the Settlement Agreement and disposing of all outstanding Motions. *See* note 1, *supra*. This appeal followed.[5]

Appellant raises the following issues for our review:

1. Whether the trial court erred when it struck the answer and entered judgment without opportunity to file a responsive pleading?

2. Whether the failure to file a praecipe for unit [sic] of possession precludes any efforts to re-claim possession.

3. Whether the failure of the landlord to comply with the 68 P.S. § 250.501 precluded the complaint from being filed.

4. Whether the trial court erred when it adopted a factual stipulation between the remaining parties, to the exclusion of [Appellant], when the contents of that stipulation were disputed by [Appellant].

Appellant's Brief at 7.

First, Appellant argues that the trial court erred in entering its Order striking its timely Answer to the Complaint because Appellee did not provide Appellant with 10 days' notice prior to entry of the Order as required by Pa.R.C.P. No. 237.1. *Id.* at 9-10. We note that Appellant concedes that the trial court had the jurisdiction to strike the Answer filed on its behalf by Mr. Merritt because he is not an attorney. *Id.* at 10.

---

[5] Appellant filed a court-ordered Pa.R.A.P. 1925(b) Statement and an Amended Rule 1925(b) Statement. The trial court filed a "Statement of Reasons" in response.

Characterizing the Order as one striking Appellant's Answer for failure to plead, Appellant contends that the simultaneous entry of Judgment in Appellee's favor was equivalent to the entry of a default judgment. As a default judgment, Appellant contends, pursuant to Pa.R.C.P. No. 237.1, Appellee was required to provide Appellant with ten days' notice of her intent to seek entry of the Judgment.[6] *Id.* at 9. Appellant contends that the absence of the Rule 237.1 Notice rendered the Order fatally defective. *Id.* at 9-10.[7]

It is well-settled that entities, including LLCs, "may not proceed in Pennsylvania courts of common pleas except through a licensed attorney." ***David R. Nicholson, Builder, LLC v. Jablonski***, 163 A.3d 1048, 1054 (Pa. Super. 2017). Thus, "[i]n a civil action, the court lacks jurisdiction to consider the claims raised by [a] non-attorney." *Id.*

Instantly, Mr. Merritt is the managing member of Appellant, an LLC. Mr. Merritt is not an attorney. Yet, on behalf of Appellant, and relevant to the instant appeal, Mr. Merritt filed an Answer to the Complaint, a Memorandum in Opposition to Appellee's Motion to Strike Appellant's Answer, and a Response to the Rule to Show Cause. As a non-attorney, however, Mr. Merritt

---

[6] Rule 237.1 requires, in relevant part, a 10-day Notice before entering judgment against a defendant for failure to plead. *See* Pa.R.C.P. No. 237.1(a)(2).

[7] Appellant also addresses in its brief the trial court's explanation in its August 14, 2017 Statement of Reasons that it struck Appellant's Answer as a discovery sanction. *See* Appellant's Brief at 12-13. Given our conclusion below that Appellant's Answer was a legal nullity, we need not address the appropriateness of striking it as a discovery sanction.

- 6 -

could not represent Appellant in the trial court. Thus, the pleadings Mr. Merritt filed were legal nullities and the court lacked jurisdiction to consider them.

Because the Answer filed was a legal nullity and Appellant never sought to file a properly-counselled Answer, we agree with Appellant that the court entered a default judgment against it. However, when the trial court enters a default judgment, the party against whom the court entered judgment cannot immediately appeal to this Court. **Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1152 (Pa. Super. 2009) ("Only after a default judgment becomes final do 'all the general rules in regard to conclusiveness of judgments apply.'"). Rather, a party who wishes to contest the entry of a default judgment must first file either a petition to strike or a petition to open the default judgment with the trial court, raising the issue of lack of notice in that petition. **Id.**; **see also** Pa.R.C.P. No. 237.3; **compare Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996, 1000 (Pa. 2001) (explaining that, in the context of Pa.R.C.P. No. 3051, filing a petition to open or strike in the trial court, like filing a post-trial motion, gives the trial court an opportunity, in the first instance, to correct any errors and operates to preserve a party's issues for appeal). It is the order denying a petition to strike or open that vests an appellant with the right to appeal. An appellant cannot appeal from the entry of default judgment itself.

Here, our review of the record confirms that Appellant failed to file either a Petition to Open or a Petition to Strike the judgment against it. If Appellant had done so, Appellant could have challenged the validity of the judgment in

the absence of the 10-day Notice. Since Appellant did not follow the proper procedure to contest the entry of judgment, Appellant has waived its issues on appeal. ***See Sahutsky supra***, at 1001 (concluding that, where a party fails to file a petition to open as required, it has failed to preserve the issues it should have raised therein, and has waived those claims for appeal); Pa.R.A.P. 302.

Accordingly, we affirm.[8]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/18

---

[8] In light of this disposition, we need not reach the merits of Appellant's remaining issues.

- 8 -