J-S56015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ARLA JOHNSON, POWER OF ATTORNEY FOR JANE S. JOHNSON, SOLE SURVIVING TRUSTEE FOR THE JOHNSON FAMILY TRUST | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| MIDNIGHT REALTY, LLC | : | |
| Appellant | : | No. 527 MDA 2018 |

Appeal from the Order Entered February 16, 2018
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2013-CV-6526

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED NOVEMBER 14, 2018**

Appellant, Midnight Realty, LLC ("Midnight Realty"), appeals from the order entered in the Lackawanna County Court of Common Pleas, granting a petition to terminate an installment sales agreement and for ejectment of Midnight Realty, who was then in possession of the premises.  We affirm.

The trial court set forth the relevant facts and procedural history as follows:

> This case involves an installment sales agreement per settlement agreement (hereinafter "Installment Sales Agreement") regarding a parcel of real estate located in Spring Brook Township, Lackawanna County Pennsylvania (hereinafter "Spring Brook Property").  The Johnson Family Trust is the legal owner of the property as per the Deed dated July 21, 2001.  The Matter is before this Court on Arla Johnson's, who is the Power of Attorney for John S. Johnson, sole surviving trustee of the Johnson Family Trust (hereinafter "Arla Johnson"), Petition to Immediately

Terminate Installment Sales Agreement per Settlement Agreement as Approved by Court Order of May 30, 2014, and Immediate Surrender and Ejectment from subject Premises, which was filed on January 16, 2018. (Petition, 01/16/18).

By way of background, under her authority as Power of Attorney, Arla Johnson entered into an Installment Sales Agreement with Midnight Realty for the sale of the Spring Brook Property. Paul Hrywnak is the sole member and manager of Midnight Realty…. A confession of judgment for the possession of the premises is located in the Installment Sales Agreement. On November 27, 2013, Arla Johnson filed a Complaint in Confession of Judgment. The parties entered into a Settlement Agreement, which provided that Midnight Realty then owed Arla Johnson twenty six thousand two hundred fifty dollars ($26,250.00). Pursuant to the Order of May 30, 2014, Midnight Realty paid $26,000.00 of the same and was to pay the additional two hundred and fifty dollars ($250.00) by June 4, 2014. Midnight Realty was to continue to make payments per the Installment Sales Agreement. The Settlement Agreement obligated Midnight Realty to enter into agreement to pay the back taxes. Arla Johnson filed a Petition to Immediately Terminate Installment Sales Agreement per Settlement Agreement as Approved by Court Order of May 30, 2014, and Immediate Surrender and Ejectment from Subject Premises, which was filed on January 16, 2018. (Petition, 01/16/18). This [c]ourt heard the matter on February 15, 2018 granting Arla Johnson's Petition.[1] Thereafter, this [c]ourt issued an Order dated February [16], 2018. (Order 02/16/18). Midnight Realty filed a [counseled] Notice of Appeal on [Monday,] March 19, 2018. This [c]ourt issued an Order requesting Midnight Realty to file a Statement of Errors. (Order 05/04/18). Said Statement of Errors was filed on May 22, 2018. (Statement 05/22/18).

(Trial Court Opinion, dated June 14, 2018, at 1-2).

_____

[1] At the hearing, Paul Hrywnak appeared to represent the interests of Midnight Realty, as the sole member and manager of the corporation. Mr. Hrywnak is not a licensed attorney.

Midnight Realty raises one issue for our review:

> DID THE ISSUANCE OF A RULE TO SHOW CAUSE WHICH DID NOT CONFORM TO PA.R.C.P. 206.6 AND LR 206.4(C) DENY [MIDNIGHT REALTY] DUE PROCESS OF LAW BECAUSE IT FAILED TO INFORM [MIDNIGHT REALTY] OF ITS OBLIGATION TO ANSWER THE PETITION PRIOR TO THE HEARING, AND/OR BECAUSE IT FAILED TO PROPERLY INFORM [MIDNIGHT REALTY] THAT ITS RIGHT TO PROCEED BY USE OF DEPOSITIONS HAD BEEN ABROGATED?

(Midnight Realty's Brief at 5).

Midnight Realty asserts the Rule to Show Cause was flawed because it did not conform to Pa.R.C.P. 206.6. Specifically, Midnight Realty contends the Rule failed to inform Midnight Realty that it had to answer the petition within twenty days and that the use of depositions and argument had been abrogated in favor of an evidentiary hearing. Midnight Realty concedes the outcome of the proceedings might be the same had the Rule conformed to Rule 206.6. Midnight Realty also argues Rule 206.6 makes no provision for the filing of preliminary objections to a flawed rule to show cause. Midnight Realty insists the use of the deficient Rule to Show Cause denied Midnight Realty procedural and substantive due process of law and calls the validity of the order at issue into question. We disagree.

Our well-settled standard of review is:

> [T]he findings of a trial court sitting without a jury have the same force and effect on appeal as a jury's verdict. We will reverse the trial court only if its findings are predicated upon an error of law or are unsupported by competent evidence in the record. On review, it is not within our province to find facts or to substitute our judgment for that of the trial court. Moreover, the trial court is free to believe all, part, or none

- 3 -

of the evidence that is presented, to make all credibility determinations, and to resolve any conflicts in the evidence.

*Scobell Inc. v. Schade*, 688 A.2d 715, 718 (Pa.Super. 1997) (quoting *Hodges v. Rodriquez*, 645 A.2d 1340, 1343 (Pa.Super. 1994)).

Rule 206.6 provides for the issuance of a rule to show cause as of course upon the filing of a petition. Pa.R.C.P. 206.6. "A Rule to Show Cause is one that is made *ex parte,* directing an adverse party to show cause why an action should not be taken; the Rule is not, except by statute, a proper substitute for original process, but is auxiliary." *Petition of Tax Claim Bureau of Westmoreland Cty.*, 613 A.2d 634, 638 (Pa.Cmwlth. 1992) (quoting *Rusbarsky by Rusbarsky v. Rock*, 471 A.2d 107 (Pa.Super. 1984)). A court or a judge must order the Rule to Show Cause. *Petition of Tax Claim Bureau of Westmoreland Cty., supra*. The party who has received the rule has the burden of proof at the hearing on the rule to show why the court should not grant the requested relief. *Id.* In modern practice, the Rules of Civil Procedure govern pleadings in civil actions and define what is a civil action. *Id.* The Rules of Civil Procedure do not require a Rule to Show Cause to conform to the Rules of Civil Procedure; "thus, failure to answer a Rule to Show Cause or to enter an appearance upon it is of no moment." *Id.* at 638. "The only requirement to a Rule to Show Cause is to appear on the return day. If the hearing is held and a party fails to appear, it is bound by the decision rendered…." *Id.* In other words, the purpose of the rule to show cause is to give the parties notice of a hearing and an opportunity to be heard. *Id.*

"Corporations may appear and be represented in Pennsylvania courts **only** by an attorney at law 'duly admitted to practice.'" ***David R. Nicholson, Builder, LLC v. Jablonski***, 163 A.3d 1048, 1052 (Pa.Super. 2017), *appeal denied*, ___ Pa. ___, 173 A.3d 266 (2017) (emphasis added).

> The reasoning behind the general rule governing counseled representation of corporations is…a corporation can do no act except through its agents and…such agents representing the corporation in [c]ourt must be attorneys at law who have been admitted to practice, are officers of the court and subject to its control. This rule holds even if the corporation has only one shareholder. The purpose of the rule requiring corporations to appear in court through counsel is not the protection of stockholders but the protection of the courts and the administration of justice, and that a person who accepts the advantages of incorporation for his…business must also bear the burdens, including the need to hire counsel to sue or defend in court.

***Id.*** The rule requiring counseled representation for corporations in Pennsylvania also applies to limited liability corporations. ***Id.*** at 1052-54.

Finally, "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Instead, an appellant must raise the claim at the appropriate point in the proceedings so that the court can address it and correct any error immediately. ***See generally Tong-Summerford v. Abington Memorial Hosp.***, 190 A.3d 631, 645 (2018). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal. ***Commonwealth v. Wanner***, 158 A.3d 714, 717 (Pa.Super. 2017) (quoting ***Commonwealth v. York***, 465 A.2d 1028, 1032 (Pa.Super. 1983)). Likewise, an appellant cannot raise new issues in a motion for reconsideration of a court order; issues raised in that manner

are generally waived. ***See generally Kelly v. Siuma***, 34 A.3d 86 (Pa.Super. 2011).

Instantly, the defendant in this case is Midnight Realty, LLC. As Midnight Realty is a corporation, a licensed attorney at law is the only suitable representative for Midnight Realty in the courts of Pennsylvania. ***See Jablonski, supra***. Here, Paul Hrywnak is not a licensed attorney, yet he attempted to represent Midnight Realty at the rule-to-show-cause hearing, acting as the sole member and manager of Midnight Realty. Mr. Hrywnak chose to reduce his personal liability and accept the benefits of incorporating his business as an LLC. By accepting these benefits, Mr. Hrywnak also accepted the duty to retain licensed legal counsel in order to appear in court. As Mr. Hrywnak is not a licensed attorney, he could not represent Midnight Realty in court. ***See id.*** Moreover, the bulk of Mr. Hrywnak's assertions at the hearing dealt with his personal investment in the property by way of money and sweat effort. Mr. Hrywnak could offer the court no defenses on behalf of Midnight Realty, because the court had no jurisdiction to address the matters Mr. Hrywnak raised on behalf of Midnight Realty during those proceedings.

With respect to Midnight Realty's Rule 206.6 claim on appeal, concerning the purported flawed rule to show cause, the purpose of the rule to show cause was to give Midnight Realty notice of the hearing and an opportunity to be heard. Midnight Realty did not have to file preliminary objections to the rule to show cause. ***See Petition of Tax Claim Bureau of Westmoreland Cty.,***

*supra.* Nevertheless, Midnight Realty did have to hire counsel and preserve the objection at the hearing. *See Jablonski, supra*. Midnight Realty had notice of the hearing where Mr. Hrywnak appeared in court on the scheduled date. At the hearing, the court established Midnight Realty was a corporation and gave Mr. Hrywnak the chance to explain why Midnight Realty was not represented by counsel and patiently allowed Mr. Hrywnak to tell his story. Midnight Realty first raised a challenge to the rule to show cause in a counselled motion for reconsideration of the court's order directing Midnight Realty to vacate and surrender the property at issue. By failing to hire counsel and raise this issue before the court at the rule to show cause hearing, Midnight Realty waived any objection to the form of the rule to show cause. *See* Pa.R.A.P. 302(a); *Kelly, supra*. In this regard, the court reasoned:

> Mr. Hrywnak was under the obligation to retain an attorney for the hearing at hand. The hearing was scheduled in January 2018, and Mr. Hrywnak was afforded adequate time to retain counsel before said hearing. Furthermore, since Mr. Hrywnak was not capable of representing the company and no attorney appeared to do so, that is a failure to appear on behalf of the company, and the [c]ourt may proceed without the party. Since Mr. Hrywnak, the sole owner of the company, appeared at the hearing despite some unforeseen circumstances, this is proof that proper notice was given. Therefore, any objections made at the hearing by Mr. Hrywnak were not proper.
>
> …Mr. Hrywnak failed to retain an attorney to raise this issue prior to the hearing or at the time of the hearing. Therefore, this issue is waived.

(Trial Court Opinion at 5). Midnight Realty's failure to appear at the hearing on the rule return date **with counsel** was tantamount to a non-appearance

and allowed the court to enter a binding decision against Midnight Realty. ***See Petition of Tax Claim Bureau of Westmoreland Cty., supra.*** The record supports the court's decision, and we have no reason to disturb it. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2018